**Douglas COUPAR, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF LABOR; Federal Prison Industries (UNICOR), Respondents.**

No. 95–70400.
No. 92–TSC–00006.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 1996.

Decided Jan. 30, 1997.

Stephen M. Kohn, Kohn, Kohn & Colapinto, Washington, DC, for petitioner.

Mark S. Flynn, United States Department of Labor, Washington, DC, for respondent.

Before WOOD, * CANBY, and RYMER, Circuit Judges.

CANBY, Circuit Judge:

While incarcerated in a federal prison, Douglas Coupar filed with the Department of Labor environmental complaints against the

* The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

government corporation that employed him. Coupar alleges that the corporation subsequently discriminated against him for having made those complaints, thereby violating the employee protection ("whistleblower") provisions of the Clean Air Act, 42 U.S.C. § 7622, and the Toxic Substances Control Act, 15 U.S.C. § 2622, ("the Acts"). The Secretary of Labor dismissed Coupar's claim because he concluded that Coupar is not an "employee" within the meaning of the Acts. We deny Coupar's petition for review.

## I. BACKGROUND

Federal Prison Industries, Inc. ("FPI," also known by the trade name "UNICOR") is a statutorily-created government corporation, 18 U.S.C. § 4121, whose purpose is to provide work to inmates confined in federal institutions, see 28 C.F.R. § 345.10. FPI is authorized, but not required, to pay the inmates it employs. 18 U.S.C. § 4121. All prisoners must work if ordered to do so, Pub.L. No. 101–647, § 2905, 104 Stat. 4914 (1990), but inmates may choose whether to work for FPI in particular.

Coupar began serving an 18–year sentence in 1983 for bank robbery. He has worked for FPI in various correctional institutions where he has been incarcerated. In that capacity, Coupar has performed tasks in the manufacture of helmets, chairs, and lockers. At each institution where he has worked for FPI, he has been promoted to the highest pay grade. Id.

While employed by FPI at the Federal Correctional Facility in El Reno, Oklahoma, Coupar complained to the Labor Department of sewage leaking into a river and of improper storage of toxic chemicals. He also requested a risk and health assessment. Coupar was transferred administratively for nondisciplinary reasons to the Terminal Island facility in California. According to FPI's Inmate Program Manual, "all inmates transferred administratively for nondisciplinary reasons, and who claim credit as prior workers," are "designated 'priority workers' and are to be placed in the top ten percent of the ... waiting list at the time of their applications." Coupar alleged that upon his transfer to the Terminal Island facility in Califor-

nia, FPI refused to place him on the waiting list for a job because Coupar had made environmental complaints against the company. Coupar also alleges that he was transferred in retaliation for his whistleblowing.

The United States Department of Labor, Employment Standards Administration, Wage and Hour Division, denied Coupar's retaliation complaint. Coupar requested a hearing before a Department of Labor Administrative Law Judge ("ALJ"). The ALJ scheduled the hearing. At the insistence of FPI, represented by the Bureau of Prisons, the ALJ agreed to hold the hearing at the prison. The Bureau then refused to allow a hearing to take place there, and instead called the proceeding a deposition. Refusing to acknowledge the jurisdiction of the ALJ over Coupar's claim, the Bureau did not participate in the proceeding.

The ALJ concluded that he did have jurisdiction over the claim. Because of the Bureau's failure to appear at the proceeding, he recommended a default judgment in Coupar's favor. He also addressed the merits of the case, concluding that Coupar was an employee within the meaning of the Acts, and that FPI had discriminated against Coupar in violation of the Acts.

The Secretary of Labor rejected the ALJ's recommended decision and order. He concluded that Coupar is not an employee within the meaning of the Acts, and he dismissed the complaint. Coupar petitioned this court for review of the Secretary's decision, pursuant to 15 U.S.C. § 2622(c) and 42 U.S.C. § 7622(c).

## II. ANALYSIS

**A. Coupar is not an employee within the meaning of the whistleblower provisions of the Clean Air Act, 42 U.S.C. § 7622, and the Toxic Substances Control Act, 15 U.S.C. § 2622.**

 Under the whistleblower protection provisions of the Clean Air Act and the Toxic Substances Control Act, "No employer may discharge any employee or otherwise discriminate against any employee with respect to ... compensation, terms, conditions, or

privileges of employment" because the employee engaged in protected activities related to enforcement of the Acts. 15 U.S.C. § 2622(a) (Toxic Substances Control Act); 42 U.S.C. § 7622(a) (Clean Air Act). Congress has not defined the term "employee" in either of the Acts. Whether an inmate is an employee within the meaning of these Acts is an issue of first impression in this or, so far as we know, any other circuit.

The Secretary of Labor is charged with administration of the Acts' whistleblower provisions. *See* 15 U.S.C. § 2622(b); 42 U.S.C. § 7622(b). He has interpreted the term "employee" not to encompass Coupar. We owe deference to the Secretary's interpretation so long as it is not unreasonable. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–44, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984); *see also Kahn v. Secretary of Labor,* 64 F.3d 271 (7th Cir.1995) (Secretary's interpretation of whistleblower provisions of Energy Reorganization Act entitled to deference); *Bechtel Constr. Co. v. Secretary of Labor,* 50 F.3d 926, 932 (11th Cir. 1995) (same).

We agree with the Secretary's interpretation of the Acts. Coupar's status with regard to FPI prevents him from qualifying as an "employee" within the meaning of the Acts. We reach that conclusion because we find the analogy between Coupar's case and *Hale v. Arizona,* 993 F.2d 1387, 1393 (9th Cir.) (en banc), *cert. denied,* 510 U.S. 946, 114 S.Ct. 386, 126 L.Ed.2d 335 (1993), to be so close that *Hale* must control.

In *Hale,* we concluded that inmates are not "employees" for the purpose of the minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.* We said:

> While we do not believe that prisoners are categorically excluded from the FLSA, we hold that the inmates in this case, who worked for programs structured by the prison pursuant to the state's requirement that prisoners work at hard labor, are not

"employees" of the state within the meaning of the FLSA.

*Hale,* 993 F.2d at 1389; *accord, Nicastro v. Reno,* 84 F.3d 1446, 1447 (D.C.Cir.1996) (holding that federal prisoners who work for FPI are not "employees" entitled to receive the minimum wage under the FLSA). In reaching our conclusion we employed an "economic reality" test:[1]

> [T]he economic reality of the relationship between the worker and the entity for which work was performed lies in the relationship between prison and prisoner. It is penological, not pecuniary.

*Hale,* 993 F.2d at 1395.

We conclude that Coupar's relationship to FPI was similarly "penological, not pecuniary." Although Coupar did not have to work for FPI in particular, as an inmate he was obligated to work at some job pursuant to a prison work program. *See* Pub.L. No. 101–647, § 2905, 104 Stat. 4914 (1990), cited at 18 U.S.C. § 4121 note; 28 C.F.R. 545.20(a) (1995). That fact brings him within the rule of *Hale. See Burleson v. California,* 83 F.3d 311, 313–14 (9th Cir.1996) (fact that assignment to work for California Prison Industry Authority is voluntary on part of prisoner does not distinguish case from *Hale,* when prisoner is required to work for one program or another). It also makes no difference that FPI is operated by an outside board of directors, *see* 18 U.S.C. § 4121; Coupar's relationship to FPI remains "penological, not pecuniary." *See Morgan v. MacDonald,* 41 F.3d 1291, 1293 & n. 5 (9th Cir.1994) (*Hale* applies even though prison contracted with outside agency to operate prison facility employing prisoner), *cert. denied,* —— U.S. ——, 115 S.Ct. 2591, 132 L.Ed.2d 839 (1995).

Coupar argues that *Hale*'s "economic reality" test is inappropriate for application under the Acts. Unlike the FLSA, which regulates the economic relationship between employer and employee, the Acts are aimed at protecting the environment and whistleblower protection furthers that purpose. It is true that the two statutory schemes are

---

1. Although we used the economic reality test, we determined that the specific factors set forth in *Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465, 1470 (9th Cir.1983), were "not a useful framework in the case of prisoners who work for a prison-structured program because they have to." *Hale,* 993 F.2d at 1394.

distinguishable in their purposes, but Coupar is seeking to enforce the whistleblower protection provisions of the Acts. Those provisions are most certainly aimed at regulating and restricting the relationship between employer and employee. In enacting the Acts, Congress could have chosen to extend whistleblower protection to prevent retaliation by *any* violator against *any* whistleblower, thus furthering to the maximum the environmental purposes of the Acts. Congress did not do so; it chose to extend whistleblower protection only to "employees" against retaliatory actions by their "employer." 15 U.S.C. § 2622; 42 U.S.C. § 7622. For reasons stated by *Hale*, we conclude that the relationship that Congress intended thus to protect and regulate was the usual employer-employee relationship not based on forced labor. *See Hale*, 993 F.2d at 1394. Indeed, one of the difficulties of our enforcing the whistleblower provisions of the Acts in Coupar's context would be that judicial relief presumably would encompass ordering FPI to reinstate Coupar and ordering the prison authorities to permit him to work there. It also might involve undoing Coupar's transfer if it were found to be retaliatory. The potential for excessive interference in penological matters is considerable. Although we do not hinge our decision on the potential difficulties of affording relief, those difficulties do reinforce our conviction that the whistleblower protection provisions of the Acts are not intended to cover Coupar as an "employee." [2]

Coupar relies on *Baker v. McNeil Island Corrections Center*, 859 F.2d 124, 126 (9th Cir.1988), in which we held that an inmate stated a claim for race discrimination under Title VII, 42 U.S.C. § 2000e, when he alleged that he had been denied a position in the prison library because of his race. Baker's complaint, however, alleged that the position he sought "would have given him an opportunity to become an employee of the Washington State Library" and that such employ-

ment "was out of the prison setting and context." *Id.* at 126. We concluded that Baker had stated a claim: "While the library aide position is not work release, it is not beyond doubt that a claim could not be proved under Title VII. We simply do not know enough about that position." Baker did not allege that the library position he sought was one that fulfilled a prison work requirement. These facts, we conclude, differentiate *Baker* from Coupar's case. There is no question on this record that Coupar's work was in the prison setting and context, and that his work fulfilled a requirement of his imprisonment.

In interpreting the word "employee" within the meaning of the Acts, the ALJ relied upon recent Supreme Court decisions interpreting that term in other statutes applied outside of the prison context. In *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 739, 109 S.Ct. 2166, 2172, 104 L.Ed.2d 811 (1989), the Supreme Court construed the term "employee" for purposes of the Copyright Act of 1976, 17 U.S.C. § 101(1). The Supreme Court said:

> The Act nowhere defines the terms "employee" or "scope of employment." It is, however, well established that "[w]here Congress uses terms that have accumulated settled meaning under ... the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms." In the past, when Congress has used the term "employee" without defining it, we have concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine.

*Reid*, 490 U.S. at 739–40, 109 S.Ct. at 2172 (internal citations omitted). The Court later employed the same approach in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992), where it construed the term "employee" in the Employee Retirement Income Security

---

2. We also reject Coupar's argument that he qualifies as an "employee" under the Acts because Congress, in establishing FPI, has directed it to "provide employment" for inmates. 18 U.S.C. § 4122(b). This term is synonymous with "provide work," and does not establish status as an

employee for purposes of the unrelated Acts. The same term often has different meanings in different statutes. *See Atlantic Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427, 433, 52 S.Ct. 607, 608–09, 76 L.Ed. 1204 (1932).

Act of 1974 (ERISA), 29 U.S.C. § 1002(6), as incorporating "judicial agency law criteria for identifying master-servant relationships." *Id.* at 319, 112 S.Ct. at 1346.

These decisions are of limited usefulness in the context of this case, because they deal with the distinction between the status of employee and that of independent contractor. *Reid* and *Darden* find determinative "the hiring party's right to control the manner and means by which the product is accomplished." *See Reid,* 490 U.S. at 751–52, 109 S.Ct. at 2178.[3] The ALJ concluded that FPI "had the right to and did closely regulate the manner in which [Coupar] accomplished his work." But the question is not whether Coupar is an employee as opposed to an independent contractor; it is whether Coupar's work as a prisoner makes him neither. Indeed, one could almost say that, in *Hale,* the prisoner was held not to be an employee because his prison-structured employer had too much, not too little, control over his work. Thus we do not find the *Reid–Darden* test easily applicable here. To the extent that it can be applied, we would emphasize not control, but whether Coupar and FPI could be said to be in a "conventional master-servant relationship." *Reid,* 490 U.S. at 740, 109 S.Ct. at 2172. Under *Hale,* the answer is "no."

We conclude, therefore, that the Secretary did not err in ruling that Coupar was not an "employee" of FPI within the meaning of the whistleblower provisions of the Acts.

**B. Coupar is not entitled to judgment in his favor even though FPI failed to appear in the proceeding below.**

■ In three related arguments, Coupar argues that he is entitled to prevail because FPI failed to appear in the administrative proceedings. First, Coupar contends that, because FPI failed to appear, he was entitled to a default judgment. The decision of the Secretary to grant a default judgment is discretionary. 29 C.F.R. § 18.39(b) ("[a] default decision ... may be entered against any party failing, without good cause, to appear at a hearing"). The Secretary did not abuse his discretion by rejecting the ALJ's recommended default judgment. FPI did not appear at the ALJ's proceeding because it believed that the ALJ lacked jurisdiction over Coupar's claim. FPI was not "without good cause" in believing that it was not required to attend the ALJ proceedings. Indeed, FPI was correct in its assessment of Coupar's claim—Coupar is not an "employee" within the meaning of the Acts.

Second, Coupar argues that because FPI failed to raise in the administrative proceedings the issue of whether Coupar is an employee, FPI waived that issue for purposes of our review. As a general rule, this Court will not consider an issue raised for the first time on appeal. *Marbled Murrelet v. Babbitt,* 83 F.3d 1060, 1063 (9th Cir.1996), *as amended* June 26, 1996. Although FPI did not appear in the administrative proceedings in order to raise this issue of whether Coupar is an "employee" within the meaning of the Acts, the issue was considered by the ALJ and by the Secretary. Thus, the issue was not presented for the first time here, and we have therefore addressed it.

Finally, Coupar argues that the Secretary's decision should be reversed for lack of substantial evidence. Because FPI failed to appear, he argues, Coupar's "factual record related to his employment status ... was unrebutted [and] ... overwhelmingly supportive of Mr. Coupar's claim that, given the specific context of his work relationship with

---

**3.** The following factors are important to the determination of whether a hired party is an employee under the general common law of agency:

In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Reid,* 490 U.S. at 751–52, 109 S.Ct. at 2178–79 (footnotes omitted).

FPI, he was an 'employee'" under the Acts. Gray Brief at 2. Coupar is mistaken if he believes that evidence provided by one side necessarily helps that side. The facts that Coupar himself put forth clearly indicate that his relationship with FPI is indistinguishable from the relationship between the inmates and the hiring party in *Hale*. *See* Part II.A.

### III. CONCLUSION

Because Coupar is not an employee within the meaning of the Acts, the Secretary's decision was correct. We therefore deny Coupar's petition for review.[4]

**PETITION FOR REVIEW DENIED.**

---

4. It follows from our disposition that we deny Coupar's request for attorney's fees.