Daniel YESUDIAN, ex rel. United
States of America, Appellant,

v.

HOWARD UNIVERSITY,
et al., Appellees.

No. 00–7280.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 12, 2001.

Decided Nov. 13, 2001.

James L. Kestell argued the cause for appellant. With him on the briefs was Michael P. Deeds.

Timothy F. McCormack argued the cause for appellees. With him on the brief was David E. Ralph.

Before: GINSBURG, Chief Judge, HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

Opinion for the Court filed by Senior Circuit Judge STEPHEN F. WILLIAMS.

STEPHEN F. WILLIAMS, Senior Circuit Judge:

Suing in district court, Daniel Yesudian recovered a jury verdict against his employer Howard University for breach of contract, and against Joseph Parker, his former supervisor at Howard, for retaliation under the False Claims Act, 31 U.S.C. § 3730(h). The jury rejected Yesudian's § 3730(h) claim against Howard. The district court granted judgment as a matter of law for Parker on the § 3730(h) retaliation claim, *Yesudian v. Howard University*, 946 F.Supp. 31, 37 (D.D.C.1996), but we reversed, *Yesudian v. Howard University*, 153 F.3d 731 (D.C.Cir.1998).

On remand, Yesudian renewed a prior claim that Parker and (vicariously) Howard should be liable on the retaliation claim for the statutory remedies in § 3730(h), including reinstatement, double backpay, interest, special damages, and attorneys' fees. The district court denied the relief. It reasoned that the jury had found Howard not liable on the § 3730(h) retaliation claim, and that Parker was not Yesudian's "employer" for purposes of that statute.

On appeal Yesudian offers no serious analysis of § 3730(h) to support his claim that that section authorizes liability for a supervisor as opposed to an employer. Rather, he claims that Parker has forfeited the argument by failing to raise it before the district court in the remand proceedings, and by not having raised it before this court in the first appeal. We find neither forfeiture argument compelling. Reaching the merits, we affirm.

\* \* \* \* \* \*

■ The contention that Parker failed to raise the argument in the remand proceedings is about half right. Counsel resisted Yesudian's claim to § 3730(h) remedies on the ground that Parker "was not Plaintiff's employer and, therefore, has no power to reinstate him." Defendants' Memorandum in Opposition to Plaintiff's Renewed Motion for Relief at 8; see also Defendants' Memorandum in Opposition to Plaintiff's Motion for Post-verdict Equitable Relief at 13.

This formulation presents the statutory issue very imprecisely. It makes no mention of the statute itself—the sole source of liability and sole relevant source of the term "employer." But the reference to "employer" logically led the district court to the statute and thus to the controlling issue. Further, whether § 3730(h) covered a mere supervisor at all was an issue " 'antecedent to . . . and ultimately dispositive of' the dispute," *United States National Bank of Oregon v. Independent Insurance Agents of America, Inc.*, 508 U.S. 439, 447, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (quoting *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77, 111 S.Ct. 415, 112 L.Ed.2d 374 (1990)), and thus legitimately before the court, *id.*

■ Yesudian also argues that Parker's filing was in any event a week late under then-applicable Local Court Rule 108(b), and should not have been considered at all. But the rule states only that when such an opposition paper is not timely filed, the court "*may* treat the motion [that it opposes] as conceded." D.D.C. R. 108(b) (1994) (emphasis added). Yesudian also cites FED.R.CIV.P. 6(b), which says that the court may accept late filings "upon motion" and a showing of "excusable neglect." Cf. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 895–97, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). We think the motion requirement could have been deemed satisfied by defendants' "Memorandum in Opposition to Plaintiff's Motion to Strike." As for "excusable neglect," the standard typically deployed comes from *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), where the Court (construing Bankruptcy Rule 9006(b), whose text is substantively similar to Rule 6(b)) held that this "equitable" inquiry should rest on

> the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S.Ct. 1489; see also *id.* at 391–92, 113 S.Ct. 1489 (discussing Rule 6(b)); *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 855–56 (8th Cir.1999) (applying *Pioneer* to Rule 6(b)).

Here, though without a formal finding of excusable neglect, the district court simply pointed to the lack of any prejudice to plaintiff and to the general preference for resolving cases on the merits. The Court's lead item, lack of prejudice to the other side, is fully conceded by plaintiff. The delay was brief, and there is no suggestion that it had a material effect on the proceedings. The remaining factors relate to the explanation of the error—here evidently a mistaken reliance on the D.C. Superior Court rules in lieu of those for the federal district court for the District of Columbia. Foolish as this may have been, there is no suggestion of bad faith. Further, although defense counsel gives no reason for this error, we note that a researcher looking in Westlaw under "Local Federal Court Rules by State" will indeed be led to the Superior Court rules rather than those of the federal district court. Thus, given the great deference we owe district courts in what are effectively their "case-management decisions," *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 583–84 (1st Cir.1994), there was no reversible error in the court's decision to accept Parker's late filing. Cf. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir.1995).

■ Yesudian invokes another theory of forfeiture, arguing that Parker abandoned the argument by failing to raise it in the district court before the first appeal, and then failing to present it on that appeal. See *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 738–41 (D.C.Cir.1995). But any forfeiture from failure to raise an issue in an initial appeal is far from absolute, especially where, as here, the party failing to present the issue was the appellee, defending on a field of battle defined by the appellant. *Id.* at 740–41. Moreover, the "antecedent" and "dispositive" character of the statutory issue, *United States National Bank of Oregon*, 508 U.S. at 447, 113 S.Ct. 2173, here too militates against forfeiture. Cf. *Crocker*, 49 F.3d at 741 (reasoning that the possibility that resolving an issue will obviate the need for future litigation complexities militates in favor of addressing an issue that might be treated as forfeited).

■ Finally, Yesudian argues that the judgment in the first appeal assumed that Parker could be liable as an employer, and that therefore this conclusion became the "law of the case." But the law of the case doctrine does not apply where an issue was not raised before the prior panel and thus was not decided by it. See, e.g., *LaShawn A. v. Barry*, 87 F.3d 1389, 1395 n. 7 (D.C.Cir.1996). For an issue not raised, the pertinent doctrine (if any) is forfeiture, see *Crocker*, 49 F.3d at 739, discussed above.

■ At last we reach the merits. Section 3730(h) provides as follows:

> Any employee who is discharged ... by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section ... shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

31 U.S.C. § 3730(h).

Section 3730(h) plainly mentions only the "employer" as incurring liability, and the word "employer" does not normally apply to a supervisor in his individual capacity. Parker did not—in his individual capacity—"employ" Yesudian. Even in cases arising under Title VII, which explicitly defines "employer" as including "any agent of such a person [a person engaged in commerce and employing 15 or more persons]," see 42 U.S.C. § 2000e(b), we and all other circuits have held that the word "employer" does not cover a supervisor in his personal capacity. *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir.1995); see also *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313–17 (2d Cir.1995); *Dici v. Pennsylvania*, 91 F.3d 542, 552 (3d Cir.1996); *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180–81 (4th Cir.1998); *Harvey v. Blake*, 913 F.2d 226, 227–28 (5th Cir.1990); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir.1999); *Williams v. Banning*, 72 F.3d 552, 553–55 (7th Cir.1995); *Smith v. St. Bernards Regional Medical Ctr.*, 19 F.3d 1254, 1255 (8th Cir.1994); *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587–88 (9th Cir.1993); *Haynes v. Williams*, 88 F.3d 898, 898–901 (10th Cir. 1996); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991). We (and other circuits) have reasoned that the reference to an "agent" was simply for the purpose of incorporating respondeat superior liability into the statute. *Gary*, 59 F.3d at 1399; *Miller*, 991 F.2d at 587; *Lissau*, 159 F.3d at 180. As § 3730(h) does not mention an "agent" of the employer as possibly liable, the inference of coverage here would be farfetched and in flat contradiction of *Gary*.

Further, all the § 3730(h) remedies are phrased in mandatory language (the employee *"shall be entitled,"* etc.) and yet include remedies such as reinstatement, which a mere supervisor could not possibly grant in his individual capacity.

■ Yesudian nonetheless maintains that Parker should be liable in his *official* capacity. But any claim against Parker in his official capacity (assuming such a claim to exist in any intelligible sense) necessarily merges with the claim against Howard. *Gary v. Long*, 59 F.3d at 1399. The jury exculpated Howard, and thus no judgment directly contradicting that finding could properly be entered. Yet Yesudian offers no argument in favor of the change that seemingly would be necessary to allow a coherent judgment in his favor against Parker in his official capacity—namely a setting aside, as a matter of law under

Fed.R.Civ.P. 50, of the jury's verdict in favor of Howard on the § 3730(h) claim.

\*   \*   \*   \*   \*   \*

Accordingly, the judgment of the district court is

*Affirmed.*