**Susan L. BURKS, Plaintiff–Appellee (00–5170), Respondent (00–5876),**

v.

**O'CONNOR, KENNY PARTNERS, INC., Defendant–Appellant (00–5170), Petitioner (00–5876).**

**No. 00–5170, 00–5876.**

United States Court of Appeals, Sixth Circuit.

April 15, 2002.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

After a jury returned a verdict in favor of the defendant O'Connor, Kenny Partners, Inc. ("O'Connor") in this action for unlawful discharge because of grand jury service, the district court granted the motion of plaintiff Susan L. Burks ("Burks") for a new trial. O'Connor's motion for reconsideration of that order was denied, and O'Connor filed a timely notice of appeal ("the direct appeal") that was docketed in this court as Case No. 00–5170. The case was reassigned to a different district court judge for trial, and O'Connor moved for a certification under 28 U.S.C. § 1292(b) that the order granting a new trial was appropriate for interlocutory review. That motion was granted and the

district court certified for appeal the issue of whether the district court had abused its discretion in ordering a new trial. O'Connor filed a timely petition for permission to appeal, and that petition was docketed in this court as Case No. 00–0505.

Burks moved to dismiss the direct appeal for lack of jurisdiction, and opposed O'Connor's petition for permission to bring the interlocutory appeal. Noting that although an order granting a new trial is not generally directly appealable of right, an exception to that rule may apply when the district court lacked the power to grant the new trial, a panel of this court held that in order to determine appellate jurisdiction over the direct appeal, it would be necessary to consider the merits of the appeal. We therefore denied the motion to dismiss the direct appeal. We further held that the issue certified for interlocutory appeal by the district court—whether the trial court had abused its discretion in granting a new trial even though holding that there was no evidentiary error in the trial—was appropriate for interlocutory review under § 1292(b), and we granted the petition to appeal. The interlocutory appeal is docketed in this court as No. 00–5876.

Turning first to the direct appeal, we conclude that because, as we have heretofore held, the jurisdictional issue cannot be determined without considering the merits of the direct appeal, and because we have granted the petition to bring the interlocutory appeal of the order granting the new trial, the direct appeal is now moot. Accordingly, we will dismiss the appeal in No. 00–5170, and will consider only the interlocutory appeal of the order granting the new trial, No. 00–5876. As we shall explain below, we conclude that the district court abused its discretion in granting the new trial, and we will reverse that order.

We begin with a little more background. Burks filed this action pursuant to 28 U.S.C. § 1875 and Tennessee law, claiming that O'Connor terminated her employment because of the amount of time she was required to be absent from work for grand jury duty. O'Connor claimed that Burks's job was eliminated in a reorganization in which four other employees—who were not performing grand jury duty—lost their jobs the same day. During the course of discovery, a dispute arose, the long and short of which was that Burks accused O'Connor of eliminating a particular piece of evidence, and O'Connor countered that Burks had had the particular evidence in her possession all along. Burks demanded permission to amend her complaint to add a claim for spoliation of evidence, and O'Connor demanded that the plaintiff be required to show cause why she should not be held in contempt. The dispute went to the magistrate, who reviewed the entire controversy and issued a written opinion essentially denying relief to either party. The magistrate's order was affirmed in a lengthy written opinion by the district court. After further discovery, O'Connor renewed its motion to show cause, and the magistrate denied the motion, ruling that the dispute had "degenerated into a squabble between the lawyer for the plaintiff and the lawyer for the defendant regarding alleged unethical behavior, and that this particular dispute has no significant bearing on the substantive lawsuit." The magistrate also ruled that if either party moved for an evidentiary hearing on the issue within 15 days of the conclusion of the trial, he would revisit the matter.

During the trial, the district court excluded testimony from several witnesses relating to the disputed piece of evidence, ruling that permitting that testimony would have placed the attorneys for both parties in the positions of being called as witnesses. The trial concluded with a jury

verdict in favor of O'Connor. Burks moved for a new trial under Federal Rule of Civil Procedure 59(a) on the grounds that the exclusion of the evidence was error, and the district court granted the motion. In the order granting the new trial, the district court held:

> In the case at bar, the court disagrees with Plaintiff's assertion that exclusion of the proffered evidence was error.... The court finds that Plaintiff's assertions of error are not well taken."

The district court went on, however, to grant the motion for the new trial, explaining that the excluded testimony of two of the witnesses

> create[d] "an appearance impropriety" [sic] with respect to the discovery process. While it cannot be said that, if true, it affected the outcome of the trial, it also cannot be said that it did not. It must be emphasized that this court is not ruling on whether or not defense counsel violated the rules, but the facts suggest cause for strong concern. Considering the foregoing, the court finds that Plaintiff's ability to receive a fair trial may well have been compromised.

The district court judge then recused herself from the case, and it was assigned to a different judge. O'Connor moved for certification of the new trial order for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), and the district court granted the motion, certifying for appeal "the issue of whether the district court abused its discretion in issuing the order for a new trial." O'Connor filed a timely petition in this court for permission to proceed with the interlocutory appeal of that issue, which we granted. It is that issue which we now address.

We review a Rule 59(a) motion for abuse of discretion. *See Romstadt v. Allstate*

*Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995) ("A district court abuses its discretion when it relies on clearly erroneous findings of fact or when it improperly applies the law or uses an[ ] erroneous legal standard.") Even if the trial court has erred in the admission or exclusion of evidence, it may not grant a new trial unless in the absence of the error, the outcome of the trial would have been different. *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 514 (6th Cir.1998) ("Although we find that the district court abused its discretion in excluding this report from evidence, we do not find that a new trial is warranted. Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial."). In other words, there must have been some prejudicial error. *See* FED. R. CIV. P. 61 (establishing that only errors affecting substantial rights of the parties will support the granting of a new trial); *see also Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987) ("[A] new trial will not be granted on the ground that surprise evidence was admitted unless the moving party was prejudiced. In order to prevail on his motion for a new trial, plaintiff must show that he was prejudiced and that failure to grant a new trial is inconsistent with substantial justice." [1])

Other circuits are in accord. In *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534 (Fed. Cir.1998), for example, the Federal Circuit emphasized that a new trial cannot be granted unless the losing party's substantial rights were affected, and the test for determining that is "whether the error in question affected the outcome of the case." *Id.* at 549 (quoting 1 JACK B. WEIN-

---

1. Citing *DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F.2d 512, 518 (4th Cir.1985); *Saltzman v. Fullerton Metals Co.*, 661 F.2d 647, 651–52 (7th Cir.1981); *Caisson Corp. v. Ingersoll–Rand Co.*, 622 F.2d 672, 682–85 (3d Cir.1980).

784

STEIN & MARGARET A. BERGER, FEDERAL EVIDENCE § 103.41[2] (1998)). And *ATD*, like this case, was about a discovery dispute. The Federal Circuit said, "we review whether the admission of this evidence, under the circumstances of [this discovery dispute], reasonably affected the outcome of the case." *Id.*

Here, the district court did not find that the discovery dispute reasonably affected the outcome of the case. Nor did it find that Burks had been prejudiced in any way or that failing to grant a new trial would be inconsistent with substantial justice. In fact, despite the magistrate's earlier ruling that he would entertain from either party a post-trial motion for an evidentiary hearing into the allegations of unethical conduct, the district court granted the motion for a new trial without making any further inquiry into Burks's allegations that O'Connor's counsel had engaged in unethical conduct. The order granting a new trial was based purely on the district court's supposition that if such misconduct had in fact occurred, it might have had an effect on the outcome of the trial. This kind of "if we had some ham, we could have a ham sandwich if we had some bread" finding falls far short of the finding of prejudicial error required to upset a jury verdict.

There is no question that a new trial may be granted where the trial was in fact unfair to the moving party. *See, e.g., Holmes v. City of Massillon,* 78 F.3d 1041, 1045–46 (6th Cir.1996) (noting that a new trial is warranted when the jury has reached a "seriously erroneous result" as evidenced by, among other things, "the trial being unfair to the moving party in some fashion, *i.e.,* the proceedings being influenced by prejudice or bias.") But where, as here, the district court comes to the conclusion that the trial error claimed by the moving party was not in fact error, but nonetheless vacates the jury's verdict

and grants a new trial on the mere speculation that there might have been some unfairness in the discovery proceedings prior to trial that might or might not have affected the outcome, we have no difficulty in reaching the "definite and firm conviction ... that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* at 1045 (quoting *Balani v. Immigration and Naturalization Serv.,* 669 F.2d 1157, 1160 (6th Cir.1982).

Accordingly, we DISMISS as moot Burks's direct appeal, No. 00–5170. In No. 00–5876, the interlocutory appeal, we REVERSE the order of the district court granting Burks's motion for a new trial. We remand this case for further proceedings not inconsistent with this order.