Notice: This opinion is subject to formal revision before publication in the
Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify
the Clerk of any formal errors in order that corrections may be made
before the bound volumes go to press.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 25, 2003       Decided March 28, 2003

No. 02-7035

UNITED STATES OF AMERICA EX REL. JOSEPH T. SIEWICK,
APPELLANT

v.

JAMIESON SCIENCE AND ENGINEERING, INC., ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(92cv00045)

———

*Joseph J. Aronica* argued the cause for appellant. With
him on the briefs were *Robert B. Norris* and *David T.
Fischer*.

*William H. Carroll* argued the cause for appellees. With
him on the brief was *Mitchell I. Batt*.

———

Bills of costs must be filed within 14 days after entry of judgment.
The court looks with disfavor upon motions to file bills of costs out
of time.

Before:  GINSBURG, *Chief Judge*; SENTELLE and RANDOLPH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*:  This appeal from an order of the district court, Oberdorfer, J., granting summary judgment raises the question whether a corporate shareholder and director may be considered the "employer" of a corporate employee within the meaning of the False Claims Act, 31 U.S.C. § 3730(h).

From May 1990 to December 1991, Dr. Joseph T. Siewick worked as a physicist for Jamieson Science and Engineering, Inc. (JSE), a Maryland corporation engaged in contract work for the Department of Defense's Strategic Defense Initiative Organization and its successor, the Ballistic Missile Defense Organization.  Dr. John A. Jamieson, who supervised Dr. Siewick, owned 85 percent of the shares of the company, served as the president and chairman of the board of directors, ran day-to-day operations, set salaries, and made hiring and firing decisions.  On November 11, 1991, Dr. Siewick received a 30–day notice of termination after he questioned Dr. Jamieson and Vincent O'Connor, one of JSE's officers, about what Dr. Siewick believed to be improper billing practices.  The following January, Dr. Siewick filed a complaint under the False Claims Act.  31 U.S.C. §§ 3729–3733.[1]  One of the claims, and the only one relevant to this appeal, was that JSE, O'Connor, and Dr. Jamieson[2] violated § 3730(h) by discharging Dr. Siewick for his inquiries into JSE's billing practices.

On April 16, 2001, Dr. Jamieson and O'Connor moved to dismiss, arguing that neither of them was an "employer" within the meaning of § 3730(h).  The district court granted

---

[1]  Several of his claims were dismissed on summary judgment in 1998.  *See United States ex rel. Siewick v. Jamieson Sci. & Eng'g*, 214 F.3d 1372 (D.C. Cir. 2000).

[2]  Jamieson's Estate was substituted as a defendant on January 6, 2000.  For consistency we refer to the defendant as Dr. Jamieson.

the motion with respect to O'Connor but denied it with respect to Dr. Jamieson, concluding that an additional factual inquiry was necessary to determine if Dr. Siewick and Dr. Jamieson had an employment relationship. After discovery, Dr. Jamieson moved for summary judgment, which the court denied on the ground that there were unresolved facts relating to whether Dr. Jamieson was Dr. Siewick's employer. Dr. Jamieson moved for reconsideration in light of our intervening opinion in *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969 (D.C. Cir. 2001). On reconsideration the district court granted summary judgment, holding that under *Yesudian* whether Dr. Jamieson was Dr. Siewick's employer was a legal question, and that, as a matter of law, Dr. Jamieson was not Dr. Siewick's employer. *See United States ex rel. Siewick v. Jamieson Sci. & Eng'g*, 191 F. Supp. 2d 17 (2002). Pursuant to Federal Rule of Civil Procedure 54(b), the district court certified the dismissal of the wrongful termination claim as final. Dr. Siewick then filed this appeal.

A district court may grant summary judgment when there is "no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(c). The applicable law here is the whistleblower section of the False Claims Act: an "employee who is discharged . . . by his . . . employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section . . . shall be entitled to all relief necessary to make the employee whole." 31 U.S.C. § 3730(h). We have interpreted this section to impose liability only upon employers. *See Yesudian*, 270 F.3d at 972.

Dr. Siewick's primary argument is that whether Dr. Jamieson was Dr. Siewick's employer is a factual issue, which, until resolved, precludes a grant of summary judgment. Our precedents are otherwise. The existence of an employment relationship is a question of law, not of fact; it calls for a legal conclusion. *See Holt v. Winpisinger*, 811 F.2d 1532, 1536 n.31 (D.C. Cir. 1987); *cf. Meyer v. Holley*, 123 S. Ct. 824, 829 (2003). Our decision in *Yesudian* did not hold differently. The case was on appeal from a district court's judgment setting aside a verdict imposing § 3730(h) liability upon a

supervisor at Howard University. This court affirmed, agreeing that as a matter of law a supervisor was not an "employer" as used in § 3730(h). *See Yesudian*, 270 F.3d at 972.

Dr. Siewick, while acknowledging that JSE was his employer, maintains that Dr. Jamieson was also his employer in light of Dr. Jamieson's majority ownership of JSE and his control of JSE's operations. The False Claims Act does not define the term "employer." In the absence of explicit statutory language to the contrary, we therefore infer that Congress intended "employer" in § 3730(h) to have its ordinary, common law meaning. *See United States v. Texas*, 507 U.S. 529, 534 (1993); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322–23 (1992). Dr. Siewick thinks a Senate Report on the provision supports another meaning of "employer." The Report stated that "[a]s is the rule under other Federal whistleblower statutes as well as discrimination laws, the definition[ ] of . . . 'employer' should be all-inclusive." S. REP. NO. 99–345, at 34 (1986). Inclusive of what? As far as we can tell, the Report signified only that both public and private entities should be considered employers under § 3730(h). Dr. Siewick cites nothing suggesting that the term "employer" as used in discrimination laws or in other whistleblower statutes means something different than what it meant at common law, and the precedents are to the contrary. *See, e.g.*, *Coupar v. U.S. Dep't of Labor*, 105 F.3d 1263, 1266–67 (9th Cir. 1997); *Gary v. Long*, 59 F.3d 1391, 1395, 1399 (D.C. Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir. 1994).

Neither Dr. Jamieson's ownership nor his control of JSE make him Dr. Siewick's "employer" within its common law meaning. *See Int'l Bhd. of Painters & Allied Trades Union v. George A. Kracher, Inc.*, 856 F.2d 1546, 1548 (D.C. Cir. 1988); *cf., e.g.*, *Kwatcher v. Massachusetts Serv. Employees Pension Fund*, 879 F.2d 957, 960 (1st Cir. 1989). The corporation only is the employer of the corporation's employees. *See Meyer v. Holley*, 123 S. Ct. at 829; *Int'l Bhd. of Painters & Allied Trades Union*, 856 F.2d at 1548. A corporation is a distinct entity from its shareholders, *see*

*Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163–63 (2001), and corporate officers, even when they may seem to function as an employer, act only as agents on behalf of the corporation, *see Int'l Bhd. of Painters & Allied Trades Union*, 856 F.2d at 1548. The principle applies with no less force when an individual has a significant ownership interest in the corporation and substantially controls its actions. *See Connors v. P & M Coal Co.*, 801 F.2d 1373, 1375–76 (D.C. Cir. 1986).

A footnote in Dr. Siewick's brief asserts that the corporate veil should be pierced because JSE allegedly engaged in fraud. But his complaint did not even allege that JSE's corporate form was a sham. *See United States v. Andrews*, 146 F.3d 933, 940 (D.C. Cir. 1998); *see also Labadie Coal Co. v. Black*, 672 F.2d 92, 96–97 (D.C. Cir. 1982). The district court correctly held that an allegation of fraud against the United States in violation of the False Claims Act does not amount to an allegation that the corporate form was a fraud. "The difference between being a fraud and conducting one is important. Even a fully-capitalized, Fortune 500 corporation can embark on a fraud, but that would not make its corporate form a sham or its shareholders personally liable." *Andrews*, 146 F.3d at 940.

*Affirmed.*