Susan L. BURKS, Plaintiff–Appellant,

v.

O'CONNOR, KENNY PARTNERS,
INC. Defendant–Appellee.

No. 02–5650.

United States Court of Appeals,
Sixth Circuit.

Oct. 7, 2003.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.

Susan L. Burks was employed by O'Connor, Kenny Partners, Inc. ("OKPI") for almost two years before she was let go during an alleged reduction in force. For approximately six months prior to her job termination, she was required to serve on a federal grand jury that often kept her out of the office for two to four days a month. Burks filed suit against OKPI contending that she was fired because of her service on the federal grand jury. Before trial, the parties became involved in a discovery dispute, and the judge kept from the jury testimony with respect to attorney participation in alleged violations of discovery rules. The jury verdict was in favor of OKPI, and the court entered judgment on its behalf; however, the district court later granted Burks's motion for a new trial. This grant of a new trial was appealed via an interlocutory appeal to this Court, and a panel of this Court reversed the order granting a new trial. Burks now files this direct appeal from the trial court's judgment for the defendant on the ground that evidence was improperly excluded during trial. Because this Court has previously decided this issue, and in any event, because the district court did not abuse its discretion in excluding the evidence, we affirm the judgment of the district court.

### Facts

Burks was hired by OKPI, a Memphis advertising and public relations firm, for a newly created position of office manager in August of 1997. By all accounts, Burks was a good employee and performed her job well.

In January 1999, Richard Dobbins, Burks's boss, received a letter from the United States District Court for the Western District of Tennessee informing him

that Burks had been impaneled as a federal grand juror. This letter notified OKPI that Burks's term on the grand jury would last 18 months with a possible extension for up to two years. The expected time out of the office for service on the grand jury was one to three days beginning on the third Monday of each of the first six months. Dobbins was also notified that federal law prohibits the employer from discriminating against the employee based on the jury service.

Burks missed four days of work in March or April 1998 due to her jury service. In April, Dobbins called the court and spoke to Jury Administrator Mary Ann Dote to inquire about the number of times Burks was required to go to the grand jury. Dote recalls that Dobbins was not happy with the situation. Later that month, Gary Namm, a senior management employee at OKPI, called the court in the presence of Dobbins and Burks, and perhaps at the request of Dobbins. Namm questioned Dote regarding Burks's absences. Two months later Dobbins again called Dote, but this time, instead of simply asking about the amount of days Burks was gone, he also inquired whether Burks was actually at the grand jury that day. Dote answered that Burks was indeed at the grand jury that day. Dobbins also was concerned that she had been scheduled on the grand jury for four days in June. Dote recalls that Dobbins was "livid" about Burks's absences. Several days later on June 24, Burks was told that she and four other employees were terminated because their positions needed to be eliminated due to OKPI's financial situation. After the "reduction in force," several employees, including Carolyn Thomas, assumed Burks's old duties.

Burks filed suit against OKPI on August 12, 1998, alleging that OKPI violated Tennessee law and 28 U.S.C. § 1875, which states, in relevant part, that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." Burks also alleged common law claims for wrongful discharge under the public policy exception to the at-will employment doctrine, and for outrageous conduct.

Disputes erupted during the discovery phase of the trial. To summarize briefly, OKPI seemingly did not comply with the requirements of Federal Rule of Civil Procedure 26(a)(1) and altered a few documents—specifically, an organizational chart and job description sheet—that it did turn over. In addition, Burks apparently was in possession of documents and did not produce them either. Burks was provided with these documents by Namm; these documents show a job description of "Office Manager" and an organizational chart with Thomas listed with the title of "Office Manager." Burks attempted to file an amended complaint alleging spoliation of the evidence and witness tampering. This request was denied. OKPI contends that the creation of these charts was not designed to mislead anyone.

OKPI's motion for summary judgment was granted only as to the claim for outrageous conduct. The lawsuit went to a nine-member jury, and a verdict in favor of OKPI was entered on November 15, 1999. Burks complains on appeal that four pieces of evidence were improperly excluded from trial: (1) the testimony of Michael Warr,[1] which Burks claims would state that the

---

1. Warr was an acquaintance of both Robert O'Connor ("O'Connor"), the chairman of OKPI, and Tim Edwards, the counsel for Burks. O'Connor had asked Warr to testify as to O'Connor's reputation.

reduction in force was merely a pretext for terminating Burks; (2) a portion of Namm's deposition detailing an alleged encounter with OKPI's attorney "on the Susan Burks matter" and the subsequent change of organizational charts and job descriptions; (3) testimony regarding the modification of the organizational chart, including portions of Dobbins's testimony; and (4) a line of questioning addressed to Melinda Gross, a former employee and shareholder in OKPI, who, according to Burks, would have contradicted OKPI's attorneys' sworn statements that they did not know of the aforementioned nondisclosed organizational chart and job description.

Burks filed a motion for a new trial based on the four pieces of evidence excluded from the trial. Over OKPI's opposition, the district court granted the motion on December 14, 1999, albeit for different reasons than those asserted by Burks. ("The testimony of Gary Namm and Melinda Gross create 'an appearance impropriety' with respect to the discovery process. While it cannot be said that, if true, it affected the outcome of the trial, it cannot be said that it did not." J.A. at 1483.). The next day, the district court judge transferred the case. On February 9, 2000, OKPI appealed the original district court judge's decision to grant a new trial, arguing an abuse of discretion by the district court.[2] A panel of this court reversed the district court's decision to grant a new trial. We held that the jury verdict should not be changed where the district court had not found prejudicial error. *Burks v. O'Connor Kenny Partners, Inc.*, No. 00–5170/5876, 33 Fed. Appx. 781, 2002 WL 562672 (6th Cir. April 15, 2002) (*"Burks I"*). Once our

decision was entered, Burks filed her notice of appeal from the judgment entered against her on November 15, 1999.

## Discussion

Burks contends that the district court ruling that the evidence be excluded should be overturned, and the case should be remanded to the district court for a new trial that includes all the evidence. We disagree. The law of the case doctrine appears to preclude us from considering these evidentiary issues, and even if it does not, the district court did not commit an abuse of discretion in excluding the evidence. We therefore affirm the judgment of the district court.

Under the law of the case doctrine, the court will not consider issues that have been affirmatively decided during a prior appeal, either explicitly or by necessary implication. *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C.Cir.1995); *Bouchet v. Nat'l Urban League, Inc.*, 730 F.2d 799, 806 (D.C.Cir.1984). The district court certified the previous interlocutory appeal to decide whether there was an abuse of discretion in the granting of a new trial. Thus, the evidentiary issues raised in this appeal could have been necessarily implicated in the Sixth Circuit's prior decision that there was no prejudicial error warranting a new trial.

■ The last time this case came before this Court, we quoted *Morales v. American Honda Motor Co.*, which states

> Although we find that the district court abused its discretion in excluding this report from evidence, we do not find that a new trial is warranted. Even if a mistake has been made regarding the admission or exclusion of evidence, a

---

**2.** OKPI filed a direct appeal and an interlocutory appeal. The interlocutory appeal was certified by the district court, and the Sixth

Circuit subsequently granted permission to appeal. *See* 28 U.S.C. § 1292(b).

new trial will not be granted unless the evidence would have caused a different outcome at trial.

151 F.3d 500, 514 (6th Cir.1998). We went on to hold that there was no prejudicial error committed at trial sufficient to warrant a new trial. 33 Fed.Appx. at 784. This decision could imply that the exclusion of evidence was not an abuse of discretion. If so, it provides the law of the case, and precludes us from finding to the contrary in this case. Accordingly, Burks's appeal must fail to the extent that *Burks I* has impliedly decided the evidentiary issues raised here.

We have some remaining doubt, however, that the holding in *Burks I* actually is law of the case in this situation. Although the previous panel mentioned the evidentiary issues before the court in the present case, the exclusion of evidence was used as background for the case and not a basis of analysis. *Burks I*, 33 Fed.Appx. at 781. The parties in the briefs from the first appeal did not specifically argue the evidentiary arguments presently before the court. The law of the case doctrine only affects issues raised during prior appeals, and does not apply to the extent that those issues were not at least implicitly raised.[3] We therefore consider Burks's appeal, in the alternative, on the merits.

In doing so, we conclude that the district court did not abuse its discretion in making the evidentiary determinations at issue. The court reviews a trial court's evidentiary rulings under an abuse of discretion standard. *Argentine v. United Steelworkers of Am.*, 287 F.3d 476, 486 (6th Cir.2002). We have held that "[a]dmission of relevant but potentially prejudicial or confusing evidence is placed within the district court's sound discretion." *Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1328 (6th Cir.1992) (citing *Finch v. Monumental Life Ins. Co.*, 820 F.2d 1426, 1432 (6th Cir.1987)). A trial court is given wide discretion in balancing the probative value of evidence against unfair prejudice. *Finch*, 820 F.2d at 1432.

To prove abuse of discretion, the appellant must demonstrate that the district court did not make a "harmless error" but instead made an error which prejudiced her case. *Argentine*, 287 F.3d at 486. These errors have been defined as those that affect the outcome of the trial or a substantial right of the aggrieved party. *See Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 514 (6th Cir.1998); *ATD Corp. v. Lydall*, 159 F.3d 534, 549 (Fed.Cir.1998). Further, we will not grant a new trial "unless refusal to take such action appears

---

**3.** *See also Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 971–972 (D.C.Cir.2001) (neither the law of case doctrine nor the doctrine of forfeiture bars the consideration of an issue presented in the second appeal, where the issue had not been presented or decided on the non-interlocutory first appeal, and party presenting issue on second appeal had been appellee on first appeal, "defending on a field of battle defined by the appellant"). In MOORE'S FEDERAL PRACTICE, Moore summarizes the relationship between interlocutory appeals and the law of the case doctrine:

> The doctrine of law of the case applies in interlocutory appeals only to matters that have actually been decided. As to decisions

of law, the interlocutory appeal establishes the law of the case. Factual determinations in an interlocutory appeal will generally not establish the law of the case. Unlike the doctrine of claim preclusion, the law of the case doctrine does not apply to issues or claims that were not actually decided; for this reason, failure to raise an issue on interlocutory appeal should not operate to preclude the issue on a later appeal from a final judgment, even if other issues were raised by the party or an opponent in a permitted interlocutory appeal.

1B JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 134.20[4] (2d ed. 1993) (citations omitted).

to the court to be inconsistent with substantial justice." *Zamlen v. City of Cleveland,* 906 F.2d 209, 216 (6th Cir.1990); *see also Sutkiewicz v. Monroe County Sheriff,* 110 F.3d 352, 357 (6th Cir.1997) ("The discretion of the trial court is not to be disturbed on appeal unless the reviewing court finds that the ruling excluding the evidence is not only erroneous but results in substantial injustice to the aggrieved party."). In reviewing the evidence, the court "must view the evidence in the light most favorable to its proponent giving the evidence its maximum probative force and its minimum reasonable prejudicial value." *Robinson v. Runyon,* 149 F.3d 507, 512 (6th Cir.1998).

Evidence can be excluded under Federal Rule of Evidence 403 for a number of legitimate reasons. FED.R.EVID. 403 provides that, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The district court ruled that at least one portion of the excluded evidence in this case was relevant. J.A. at 1829 ("[T]he Court does find that it is relevant but because that information would put this law firm in a conflict such that they would have to be recused because they would be potential witnesses, I don't find that it is so crucial that it should be admitted and for that reason the Court has excluded it.").

■ District courts have broad discretion in excluding evidence under Rule 403. *Koloda v. Gen. Motors Parts Div.,* 716 F.2d 373, 378 (6th Cir.1983). The district court did not abuse its discretion in excluding the testimony in this case. In each instance, if the evidence was indeed relevant and therefore could be admitted, the probative value would have been outweighed by such things as unfair prejudice, undue delay, and/or a waste of time. Burks has presented no compelling evidence as to why the omission of the testimony was an abuse of discretion. Most of the excluded evidence would have resulted in the disqualification of attorneys from one or both sides, as counsel would necessarily have become witnesses. The trial would then have to have been delayed until all parties retained new counsel and were prepared.

Further, at trial Burks was allowed to argue that OKPI tried to cover up its guilt by questioning witnesses as to which charts and job descriptions were included in the initial discovery and which ones were not. Therefore, even if it somehow were an abuse of discretion for the trial court to exclude the evidence, it was not a substantial injustice that would require a new trial because Burks was in effect allowed to make her "cover-up" argument anyway.

We AFFIRM the judgment of the district court.