

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT KREB, | No.    20-73497 |
| Petitioner, | LABR No. |
| v. | ARB Case No. 2018-0065 |
| U.S. DEPARTMENT OF LABOR, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Labor

Submitted June 16, 2022[**]

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

Robert Kreb petitions for review of a final order of the Department of Labor

Administrative Review Board dismissing his complaint alleging that his employer

fired him in violation of 49 U.S.C. § 42121.  We have jurisdiction pursuant to 49

U.S.C. § 42121(b)(4)(A).  We affirm the Board's decision, unless it is arbitrary,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

capricious, an abuse of discretion, or otherwise not in accordance with law or the factual findings are unsupported by substantial evidence in the record as a whole. 5 U.S.C. § 706(2); *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1121 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the administrative law judge's finding, as affirmed by the Board, that Kreb did not engage in protected activity. *See* 49 U.S.C. § 42121 (defining protected activity and setting forth the elements of a prima facie case). Specifically, Kreb did not have a good faith, objectively reasonable belief that his communications related to safety violations because he exaggerated and misrepresented the risks of the scheduled flight. Furthermore, he only raised possible problems that might occur and could be safely and appropriately resolved later in his shift. He also failed to establish that a pilot with his training and experience would have agreed that accepting the flight assignment would have posed a safety risk.

We decline to consider issues not raised to the Board or not properly raised in the the opening brief. *See* 29 C.F.R. § 1979.110(a) ("The petition for review [filed with the Board] must specifically identify the findings, conclusions, or orders to which exception is taken. Any exception not specifically urged ordinarily shall be deemed to have been waived by the parties."); *Coupar v. U.S. Dep't of Labor,*

2

105 F.3d 1263, 1267 (9th Cir. 1997) (as a general rule, an issue raised for the first time on review and not considered in administrative proceedings has been waived); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues listed, but not argued in the body of the opening brief, have been waived).

**PETITION FOR REVIEW DENIED.**