# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SUNDAY ODILUMOKU UMUDE,      :

                                  :

      Plaintiff,                 :        Civil Action No.:     14-1587  (RC)

                                  :

      v.                      :        Re Document No.:    11

                                  :

AMERICAN SECURITY PROGRAMS, INC., :

                                  :

      Defendant.              :

## MEMORANDUM OPINION

### GRANTING DEFENDANT'S MOTION TO DISMISS

## I.  INTRODUCTION

Plaintiff Sunday Odilumoku Umude, proceeding *pro se*, brought this action challenging the termination of his employment with American Security Programs, Inc ("Defendant"). Defendant has filed two motions to dismiss, the first of which was interpreted as a motion for a more definite statement.  Upon consideration of the parties' filings, and for the reasons explained below, the Court grants the motion to dismiss without prejudice.

## II.  FACTUAL BACKGROUND

Mr. Umude initiated this matter in the Superior Court of the District of Columbia.  His initial complaint read, in its entirety, "Wrongful termination of appointment as Armed Security Officer. Upheld District of Columbia Office of Administrative Hearings."  Ex. 1, ECF No. 1-1. After removing to this Court, Defendant moved to dismiss the claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See* Def.'s Mot. Dismiss, ECF No. 3.  The Court interpreted Defendant's motion as a request for a more definite statement, and ordered Mr. Umude to file an amended complaint, including, at a minimum, "factual allegations that set forth

the 'who, what, where, when and why' of his claims." Mem. & Order Den. Def.'s Mot. 1-2, ECF No. 9.

On January 9, 2015, Mr. Umude filed a letter that the Court construed as an amended complaint. *See* Pl.'s Letter, ECF No. 10. The amended complaint repeated the claim of wrongful termination and contained details of Mr. Umude's work addresses, and the names of Defendant's officials who signed the termination letter. A Corrective Action Report of the incident, attached to the complaint, stated Mr. Umude was terminated for "[v]iolation of Company/Client Policy" and "[u]nsatisfactory work performance." *Id.* at 2. It appears Mr. Umude allowed two individuals into the closed building, "left the main lobby doors open" and "did not [security] screen" the individuals, in violation of Defendant's policy and posted orders. *Id.* According to Mr. Umude, he "was not informed that the entrance door must be closed" and two other employees were present at the time of the alleged violation and did not correct his actions or attempt to secure the building themselves. Pl's Letter, ECF No. 10; *see also* Pl.'s Resp. Opp. Def.'s Mot. 2, ECF No. 13.

Defendant renewed its motion to dismiss based upon the amended complaint. ECF No. 11. The Court issued a *Fox/Neal* Order advising Mr. Umude of his obligation to respond by April 9, 2015 or risk conceding the motion. Fox/Neal Order, Mar. 10, 2015, ECF. No 12.

## III. ANALYSIS

### A. Dismissal Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a

complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In other words, it "must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Patton Boggs LLP v. Chevron Corp.,* 683 F.3d 397, 403 (D.C. Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's *legal* conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555; *see also Kaemmerling v. Lappin*, 553 F.3d 669, 677 (D.C. Cir. 2008).

A *pro se* complaint, is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even *pro se* litigants "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal citations and quotation marks omitted). Moreover, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

## B. Application

Defendant argues that the amended complaint fails to state a claim because Mr. Umude has asserted no cognizable cause of action against Defendant. ECF No. 11-1 3–4. Mr. Umude claims only that his termination was wrongful because he "was not informed that the entrance

door [to the building] must be closed." ECF No. 10.[1] Even construing Mr. Umude's *pro se* complaint liberally, as the Court is required to do, the Court finds the amended complaint establishes nothing more than the fact that his employment was terminated. *See Erickson*, 551 U.S. at 94. The complaint does not allege why Mr. Umude believes Defendant's actions were unlawful nor does it cite any federal or D.C. law that may have been violated. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 (quoting Fed. R. Civ. P. 8(a)(2)) (brackets and internal quotation marks removed).

Without more definitive information about the type of claim Mr. Umude intends to pursue, it would be nearly impossible for Defendant to prepare a suitable defense. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (finding the purpose of the [Rule 8] standard is to ensure defendants receive fair notice of the claim being asserted so they can prepare an adequate defense); *see also Turner v. F.B.I.*, No. CIV.A. 04-1491 (RMU), 2005 WL 3201444, at *2 (D.D.C. Oct. 31, 2005). Moreover, the Court cannot decide what claims a plaintiff "may or may not want to assert." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). [2]

The Court has given Mr. Umude multiple opportunities to submit adequate allegations, and has provided examples of the type of information the complaint must contain to state a cause

---

[1] The Court has also reviewed Plaintiff's Response in Opposition to the Defendant's Motion, *see generally* ECF No. 13, and finds it merely repeats the allegations of the amended complaint without making any substantive legal argument or addressing any of Defendant's arguments.

[2] Depending on the type of claim, Mr. Umude may also be required to exhaust internal or administrative remedies before bringing a judicial action. The amended complaint notes that Mr. Umude "filed a claim with American Security Programs," ECF No. 10, but the Court is unable to reach the exhaustion issue without a more clear understanding of the claim being brought and, in any event, this issue is not briefed.

of action. *See* Mem. & Order 3, ECF No. 9. Moreover, the Court has diligently notified the *pro se* plaintiff of his obligations and of the risks associated with an insufficient response through two *Fox/Neal* Orders. *See* Fox/Neal Order, October 10, 2015, ECF No. 5; Fox/Neal Order, March 10, 2015, ECF. No 12; *see also Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Each time, Mr. Umude has failed to correct his deficient complaint and merely repeated the allegations in his previous submissions.

Defendant further asks the Court to dismiss the complaint with prejudice. The D.C. Circuit has repeatedly held that "dismissal with prejudice is warranted *only* when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996)) (emphasis added). In the instant case, the Court has no way to determine what additional facts may be available to cure the amended complaint or whether such facts would be consistent with the pleading. Moreover, the Court must remain mindful that "[d]ismissal with prejudice is the exception, not the rule, in federal practice because it operates as a rejection of the plaintiff's claims on the merits . . . ." *Rudder v. Williams,* 666 F.3d 790, 794 (D.C. Cir. 2012) (citation and internal quotations omitted). Accordingly, the Court will dismiss the claim without prejudice.

## IV. CONCLUSION

For the reasons described above, the Court concludes that the amended complaint fails to state a claim upon which relief may be granted. Accordingly, the Defendant's motion to dismiss (ECF No. 11) is GRANTED. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: June 1, 2015                                   RUDOLPH CONTRERAS
                                                        United States District Judge