[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-13464
Non-Argument Calendar
_____

D. C. Docket No. 04-80854-CV-DMM

GREGORY REX,
WENDY REX,

Plaintiffs-Appellants,

versus

MONACO COACH,
ALLISON TRANSMISSION,
COPLEY'S RV CENTER, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 21, 2005)**

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiffs Gregory Rex and Wendy Rex appeal the dismissal of their complaint for failure to respond to the motion to dismiss of defendant Allison Transmission and the denial of their motion to set aside the dismissal. Because an untimely filing of a response to a motion to dismiss is, by itself, an insufficient ground for a dismissal with prejudice, we vacate the order of the district court and remand this case to the district court.

## BACKGROUND

The Rexes filed a complaint against Monaco Coach Corp., Allison Transmission, and Copley's RV Center, Inc. that alleged breaches of warranties and failure to cure product defects in a new recreational vehicle the Rexes purchased. Since the Rexes filed their appeal, Monaco and Copley's have settled their dispute with the Rexes and only Allison remains as a defendant. On September 28, 2004, Allison filed a motion to dismiss, or in the alternative, for summary judgment. By October 20, the Rexes had not responded to the motion, and the district court entered an order to show cause by October 25 why the complaint should not be dismissed. The order to show cause was based on the Southern District of Florida Local Rule 7.1(C), which makes failure to reply to a motion within ten days a basis for granting the motion by default.

2

After the Rexes failed to respond to the order to show cause, the district court dismissed the complaint on November 17. The Rexes responded by mail to the motion to dismiss on November 15, but the district court did not receive that response until after it granted the motion to dismiss. On November 24, the Rexes filed a motion to set aside the dismissal. The Rexes alleged in their motion that they had not received notice of the order to show cause until November 23, possibly as a result of disruptions in communication by hurricanes in the area, but the Rexes offered no explanation for their tardiness in responding to the motion to dismiss. The district court denied the motion to set aside.

## STANDARD OF REVIEW

A district court has authority, under Federal Rule of Civil Procedure 41(b), to dismiss a complaint for failure to comply with local rules. We review this dismissal for abuse of discretion. World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995).

## DISCUSSION

Because a dismissal, with prejudice, for failure to comply with local rules is a drastic sanction, it may be used only as a last resort, when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Id. at

1456. Although the district court dismissed the Rexes' complaint against Allison Transmission for failure to comply with Local Rule 7.1(C), the district court made no finding of a pattern of delay or willful contempt. The district court also did not make a finding that lesser sanctions would not suffice. The dismissal of the Rexes' complaint, with prejudice, was, therefore, an abuse of discretion.

## CONCLUSION

The order of dismissal is **VACATED**, and this case is **REMANDED** for further proceedings consistent with this opinion.