# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 20, 2011   Decided January 17, 2012

No. 10-7101

ROGER RUDDER, ET AL.,
APPELLANTS

v.

SHANNON WILLIAMS, OFFICER, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-02174)

*Gregory L. Lattimer* argued the cause for appellants. With him on the briefs was *Anitha W. Johnson.*

*Mary L. Wilson*, Senior Assistant Attorney General, Office of the Solicitor General for the District of Columbia, argued the cause for appellees. With her on the brief were *Irvin B. Nathan*, Acting Attorney General at the time the brief was filed, *Todd S. Kim*, Solicitor General, and *Donna M. Murasky*, Deputy Solicitor General.

Before: GINSBURG,[*] HENDERSON and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*: Roger Rudder, two other adults, and two juveniles sued the District of Columbia and two Metropolitan Police officers for using excessive force against them in violation of their civil rights. The district court dismissed their suit "with prejudice." We reverse the judgment of the district court with respect to the claims against the officers under the Fourth Amendment to the Constitution of the United States and with respect to the juveniles' common law claims and remand the case for further proceedings. In all other respects, we affirm the judgment of the district court.

## I. Background

Roger Rudder, Rosena Rudder, Noverlene Goss, and juveniles E.R. and D.G. allege William Chatman and Shannon Williams, officers of the Metropolitan Police Department, assaulted them at the 2008 Caribbean Carnival Parade in Washington, D.C. According to their complaint, the five plaintiffs stepped into the street to embrace family members participating in the parade. Officer Chatman ordered them to return to the sidewalk. While they were doing so, Chatman "forcibly shoved" Rosena Rudder and Officer Williams struck the two children with her baton. Several other officers arrived, "withdrew their batons and used excessive force on all Plaintiffs." In particular, "Officers Williams and Chatman ... beat Plaintiffs with their batons and forced Plaintiffs to the

---

[*] As of the date the opinion was published, Judge Ginsburg had taken senior status.

ground." The officers then arrested the adult plaintiffs. After being released, they were taken to a hospital for treatment of their injuries.

In 2009 the plaintiffs filed this suit claiming damages for common law torts and, pursuant to 42 U.S.C. § 1983, for violations of their rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution. The claims against Officers Chatman and Williams were based upon their allegedly excessive use of force. The claim against the District was premised upon the allegation the District "as a matter of policy, practice, and custom, has with deliberate indifference failed to adequately train" or "supervise, sanction, or discipline" its police officers. *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) (establishing the criteria for municipal liability under § 1983).

The defendants filed separate motions seeking dismissal of certain counts for failure to state a claim upon which relief can be granted. Officers Williams and Chatman argued (1) the Fifth Amendment does not apply to the use of force incident to arrest, (2) the Fourteenth Amendment does not apply to the District of Columbia, and (3) the adult plaintiffs' common law claims were barred by the one-year statute of limitations for assault and battery, *see* D.C. Code § 12-301(4). The District argued the complaint did not contain sufficient factual allegations regarding its policies or customs to state a claim under the pleading standard established in *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937 (2009). All the defendants noted that, because the statute of limitations for common law claims by juveniles does not begin to run until they reach 18 years of age, D.C. Code § 12-302, "the common law claims of the juveniles as well as the constitutional claims against the police officers remain."

In their response to the motions to dismiss, the plaintiffs expressly abandoned their claims under the Fifth and Fourteenth Amendments. They also inexplicably did "not oppose that their common law claims are time-barred by a one–year statute of limitations," a concession not limited to the adults' claims and thus broader than the affirmative defense raised against them. They went on, specifically listing as time-barred all the counts of the complaint alleging common law torts and proposed an order stating "all of Plaintiffs' common law claims are dismissed." The plaintiffs did, in contrast, "re-affirm their claims against Defendants under the Fourth Amendment." They also argued their constitutional claim against the District was viable. In reply the defendants noted the plaintiffs had conceded the common law claims of both the adult and the juvenile plaintiffs and argued the complaint lacked sufficient factual allegations to support the Fourth Amendment claims against the District.[*]

The district court dismissed the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6), stating it did so "with prejudice." The court noted the plaintiffs had conceded all their common law claims as barred by the statute of limitations and had conceded their claims under the Fifth and Fourteenth Amendments were without merit. The court then rejected their claim against the District because the complaint "merely recite[d] the elements of municipal liability" and "utterly failed to allege *any* fact as to the District's custom or policy that could form the basis of liability under Section 1983." The court did not specifically address the plaintiffs' Fourth Amendment claims for

---

[*] In the reply the defendants also said Officer Williams had not been served with the complaint. Williams, however, did not file a motion to dismiss the complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), nor did the district court address the matter. Neither, therefore, do we.

excessive force, nor had the defendants included those claims in their motions to dismiss; by dismissing the entire complaint, however, the court necessarily dismissed those claims sua sponte.

The plaintiffs moved for reconsideration, arguing their "concession went only so far as to [sic] the adult Plaintiffs, and did not concede that the claims of the minor Plaintiffs were barred by the one-year statute of limitations." They also suggested the court had "inadvertently dismissed Plaintiffs' count against Defendant Officer Williams and Officer Chatman for violation of their Fourth Amendment rights under Section 1983." The district court denied the motion without explanation.

## II. Analysis

The plaintiffs challenge the district court's dismissal with prejudice of the juvenile plaintiffs' common law claims on the ground their concession was misconstrued. That concession, they argue, went only to the adult plaintiffs' claims, which clearly were barred by the statute of limitations. They challenge the district court's dismissal with prejudice of their claims under the Fourth Amendment on the ground their complaint alleges facts showing Officers Chatman and Williams used excessive force against them.

We decide de novo the merits of a motion to dismiss for failure to state a claim upon which relief can be granted. *Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 378 (D.C. Cir. 2010). A court should dismiss a complaint for failure to state a claim only if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ____; 129 S. Ct. 1937, 1949 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a facially plausible claim, a complaint must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A. Common Law Claims

The plaintiffs urge us to read their response to the defendants' motions to dismiss as having conceded only the adult plaintiffs' and not the juveniles' common law claims. Although we agree it made no sense for the plaintiffs to concede as untimely claims that were not barred by the statute of limitations, that is clearly what they did, going so far as to submit a proposed order providing "all of Plaintiffs' common law claims are dismissed." Lest there be any doubt upon that score, we note the defendants' reply had put the plaintiffs on notice of the full scope of their concession. Yet only after the district court had accepted the plaintiffs' invitation to dismiss "all of Plaintiffs' common law claims" did the plaintiffs speak up. That belated attempt at clarification cannot undo their repeated and unambiguous concession, which simply does not admit of an implied qualification excepting the juveniles' claims. We cannot but conclude the plaintiffs conceded the common law claims of the juveniles.

The district court was therefore on solid ground in dismissing those claims. The court erred, however, in dismissing them with prejudice.

Dismissal with prejudice is the exception, not the rule, in federal practice because it "operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation of them." *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (quotation marks and citation omitted);

*see also Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2494 (2010) (noting "the preference expressed in the Federal Rules of Civil Procedure ... for resolving disputes on their merits"). Accordingly, the "standard for dismissing a complaint with prejudice is high: 'dismissal *with prejudice* is warranted only when ... the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Belizan*, 434 F.3d at 583 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)). That exacting standard is not met here. Indeed, because the statute of limitations for the juvenile plaintiffs' common law claims is tolled until they reach majority, no additional facts need be pled. That is, the deficiency in this case lies not in the complaint but in the plaintiffs' erroneous concession, which requires no cure beyond simply filing the complaint anew. The defendants suggest no reason to deny the juvenile plaintiffs the opportunity to pursue their common law claims in a new case, and we see none. Accordingly, we reverse the judgment of the district court insofar as it dismisses the juvenile plaintiffs' common law claims "with prejudice."

B. Fourth Amendment Claims

The district court also erred in dismissing the plaintiffs' claims under the Fourth Amendment. A police officer's use of force is excessive and therefore violates the Fourth Amendment if it is not "reasonable," that is, if "the nature and quality of the intrusion on the individual's Fourth Amendment interests" is weightier than "the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989). To be sure, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Constitution, *Johnson v. District of Columbia*, 528 F.3d 969, 974 (D.C. Cir. 2008) (quotation marks and

citation omitted); still, "a police officer must have some justification for the quantum of force he uses," *id.* at 977.

The plaintiffs allege facts sufficient to support their claim that Officers Chatman and Williams acted with a degree of force unjustified by the circumstances. The defendants wisely concede this point with respect to the allegations against Officer Williams. The complaint alleges that, unprovoked and without warning, she struck with her baton children aged five and 15. The complaint also alleges Officer Williams beat plaintiff Goss with her baton after Ms. Goss "called out to the officer in response" to Officer Williams' use of force against the child D.G. A person who responds verbally to a police officer assaulting a child hardly invites violence against herself.

The allegations against Officer Chatman, although less graphic, no less clearly state a claim for a violation of the Fourth Amendment. Both Officers Chatman and Williams allegedly "beat [the adult] Plaintiffs with their batons and forced [them] to the ground" even though they had complied with Officer Chatman's order to return to the sidewalk. Unlike, say, pushing an arrestee against a wall and pulling his arm behind his back, beating a suspect to the ground with a baton exceeds in violence anything "we would expect in the course of a routine arrest," *Oberwetter v. Hilliard*, 639 F.3d 545, 555 (D.C. Cir. 2011). Nor was there any aggravating factor justifying a greater degree of force. *See Graham*, 490 U.S. at 396 (listing factors, such as "attempting to evade arrest," that would justify the use of force). In sum, we hold the facts alleged in the complaint set forth plausible claims the officers violated the plaintiffs' rights under the Fourth Amendment. The district court therefore erred in dismissing those claims.

Even if the facts set forth in the complaint had been insufficient to survive a motion to dismiss, it would have been an error to dismiss those claims with prejudice because it could not be said "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," *Belizan*, 434 F.3d at 583. Nothing in the complaint is inconsistent with a plausible claim to relief.

Nor did the defendants ever move the court to dismiss the Fourth Amendment claims against the officers. Hence we re-iterate "our long-standing rule":

> [*S*]*ua sponte* dismissal for failure to state a claim without leave to amend is reversible error unless the claimant cannot possibly win relief ... [because] the facts alleged affirmatively preclude relief, or because, even though plaintiff makes clear that he has facts to *add* to his complaint, he would not have a claim upon which relief could be granted even with those facts.

*Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 377 (2000) (internal quotation marks and citation omitted). Justice requires that a plaintiff be afforded the opportunity to refine his allegations without losing forever the right to litigate his claims on the merits. The Federal Rules reflect this principle: "The court should freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). So it did here.[*]

---

[*] The plaintiffs do not dispute on appeal the dismissal of their constitutional claim against the District. Accordingly, that claim is either abandoned or forfeit.

### III. Conclusion

Although the plaintiffs unambiguously conceded all their common law claims, the juvenile plaintiffs' common law claims should have been dismissed without prejudice because those claims were not time-barred. The complaint also alleges facts stating facially plausible claims against Officers Chatman and Williams for violations of the Fourth Amendment. In the foregoing respects, therefore, the judgment of the district court is

*Reversed.*