[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10306
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01269-SCJ

JALEH HOSSEINZADEH,

Plaintiff-Appellant,

versus

GREEN POINT MORTGAGE FUNDING, INC.,
GREEN POINT MORTGAGE FUNDING, LLC,
CAPITAL ONE, N.A.,
BANK OF AMERICA, N.A.,
BAC HOME LOANS SERVICING, LP, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 18, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

## I.

In 2005 Jaleh Hosseinzadeh's then-husband, Kianoush Naghepour, purchased real property located at 11705 King Road in Roswell, Georgia. He funded the purchase with a $420,000 loan from GreenPoint, Inc.[1] that was secured by a deed to the property. The security deed granted title to the property to GreenPoint's nominee, Mortgage Electronic Registration Systems (MERS). Naghepour at the same time obtained from GreenPoint a home equity loan in the amount of $84,000, which was secured by another deed conveying the property to MERS. GreenPoint would later transfer servicing rights on that loan to BAC Home Loan Servicing, LP (BAC), which is a subsidiary of Bank of America. Hosseinzadeh was not a party to the loan agreements, security deeds, or servicing transactions. In August 2006 Hosseinzadeh and Naghepour divorced. And in October 2007, pursuant to their divorce decree, Naghepour executed a quitclaim deed that transferred his interest in the property to Hosseinzadeh.

Hosseinzadeh first took legal action regarding the loan in October 2010. At that time she filed against BAC an action in the United States District Court for the Northern District of Georgia seeking to enjoin any foreclosure sale of the home

---

[1] GreenPoint was a subsidiary of Capital One, but it has since gone out of business.

2

and asserting claims under the Home Ownership and Equity Protection Act and the Home Affordable Modification Program.  The court dismissed two of those claims with prejudice, after which Hosseinzadeh voluntarily dismissed the rest of her claims.  In November 2011 Capital One acquired servicing rights for the first loan and initiated foreclosure proceedings under the power of sale contained in the related security deed.  Proceeding pro se, Hosseinzadeh filed a second lawsuit, this time against Capital One, in the Superior Court of Fulton County, Georgia on November 7, 2012.  She sought a preliminary injunction and temporary restraining order that would prevent Capital One from foreclosing on the property.  Capital One removed the case to the Northern District of Georgia and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Hosseinzadeh never responded to the motion, and the court granted it as unopposed.

In 2013, after obtaining legal representation, Hosseinzadeh filed in Fulton County Superior Court the lawsuit that led to this appeal.  Her complaint sought injunctive relief against any foreclosure on the property, declaratory judgment on her legal and equitable rights in the property, and a petition to quiet title against all of the named defendants.  The defendants removed the case to the Northern District of Georgia on the basis of diversity jurisdiction and filed a motion to dismiss under Rule 12(b)(6).  Hosseinzadeh opposed the motion to dismiss and filed a separate motion to remand, arguing that the defendants could not establish

3

that the amount in controversy exceeded $75,000, as required by 28 U.S.C. § 1332(a). The district court denied Hosseinzadeh's motion to remand and granted the defendants' motion to dismiss, concluding that Hosseinzadeh's claims were barred by res judicata. Hosseinzadeh challenges the district court's jurisdiction on the ground that this case does not satisfy the amount-in-controversy requirement, and she also contends that res judicata does not apply.

## II.

Federal district courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and each defendant is a citizen of a different state than the plaintiff. 28 U.S.C. § 1332; see Owen Equip. & Erection Co. v. Kroger, 437 U.S. 635, 373, 98 S.Ct. 2396, 2402 (1978). The sole jurisdictional issue raised by Hosseinzadeh relates to the amount-in-controversy requirement.

The district court concluded that that requirement was satisfied because the property at issue has been appraised at $389,000. But Hosseinzadeh argues that, because she seeks only equitable relief and does not "disavow the validity of the Security Deed nor the [promissory] Note," the district court should not have used the value of the property as a proxy for the amount at stake. We review de novo whether the district court had subject matter jurisdiction. Bender v. Mazda Motor Corp., 657 F.3d 1200, 1202 (11th Cir. 2011).

4

Hosseinzadeh's argument fails.  When a plaintiff seeks "only injunctive and declaratory relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 218 (11th Cir. 1997) (quotation marks omitted); see also Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000) (same).  Hosseinzadeh attempts to circumvent this rule by arguing that her complaint does not challenge the validity of the deed or promissory note but instead challenges only the assignments of rights under those documents and her alleged default on the debt.  We disagree.  Because Hosseinzadeh seeks to quiet title to the property and enjoin any of the creditors from foreclosing on it, the "value of the object of the litigation from [her] perspective" is the value of the property — $389,000.  See Cohen, 204 F.3d at 1077.  Obviously, that amount far exceeds § 1332's threshold of $75,000.  The district court's exercise of jurisdiction was proper.

### III.

Hosseinzadeh next challenges the district court's finding that her claims are barred by res judicata.  The doctrine of res judicata, or claim preclusion, operates to bar a party in a prior action from relitigating a claim that was or could have been raised in that action if four elements are present.  In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).  They are that:  (1) the prior decision was

rendered by a court of competent jurisdiction; (2) that decision was a final judgment on the merits; (3) the cases involved the same parties or their privies; and (4) the cases involve the same cause of action.  Id.  The district court determined that Hosseinzadeh's 2012 lawsuit against Capital One, which was removed to federal court and then dismissed under Rule 12(b)(6),  satisfied all four elements and dismissed Hosseinzadeh's claims.  We review de novo the district court's determination that res judicata applies.  Borrero v. United Healthcare of N.Y., Inc., 610 F.3d 1296, 1301 (11th Cir. 2010).

Hosseinzadeh challenges only the first two elements of the four-part res judicata test.  Her argument that the prior federal court decision was not rendered by a court of competent jurisdiction is the same argument she has made in opposition to the district court's exercise of jurisdiction in this case — that the $75,000 amount-in-controversy requirement was not satisfied because she sought only injunctive relief.  As we have already explained, that argument fails.

She also argues that the prior decision was not a final judgment on the merits.  A final decision can generally be defined as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983) (quotation marks omitted).  But "[g]eneral propositions do not decide concrete cases," Lochner v. New York, 198 U.S. 45, 25 S.Ct. 539, 547 (1905) (Holmes, J.,

6

dissenting), so we must take a closer look at the specific circumstances of this case. In Hosseinzadeh's prior action against Capital One, Capital One filed a motion to dismiss under 12(b)(6) in which it raised a number of grounds for dismissal. The district court granted the motion as unopposed, stating that Capital One's arguments "appear[ed] meritorious," but it did not indicate which of the alternative grounds it found most compelling or whether the dismissal was with or without prejudice. Hosseinzadeh now argues that the district court's failure to identify the ground on which it was granting the motion and to specify whether the dismissal was with prejudice means that its decision cannot have preclusive effect on this case. We disagree.

Although we have held that "[a] dismissal without prejudice is not an adjudication on the merits and thus does not have a res judicata effect," Hughes v. Lott, 350 F.3d 1157, 1161 (2003), a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" even where the district court does not state whether the claims were dismissed with or without prejudice, N.A.A.C.P. v. Hunt, 891 F.2d 15555, 1560 (11th Cir. 1990) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3, 101 S.Ct. 2424, 2428 n.3 (1981)); see also Bierman v. Tampa Elec. Co., 604 F.2d 929, 930–31 (5th Cir. 1979) (holding that where the district court dismissed an action sua sponte for failure to prosecute but did not specify whether the dismissal was with or without

7

prejudice, dismissal operated as an adjudication on the merits for res judicata purposes);[2] 9 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2373 (3d ed. 1998) ("Dismissals under Rule 12(b)(6) for failure to state a claim on which relief can be granted ordinarily are deemed to be an adjudication on the merits . . . ."). Thus, the fact that Capital One's motion was filed exclusively under 12(b)(6) indicates that the resulting dismissal was a decision on the merits.

Nor does the district court's failure in the earlier lawsuit to identify the ground on which it granted the motion to dismiss prevent us from finding that the dismissal was a judgment on the merits.[3] The district court indicated that it was granting Capital One's Rule 12(b)(6) motion  as unopposed under Local Rule 7.1(B). Granting an unopposed motion is similar to granting a default judgment

---

[2]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3] Hosseinzadeh contends that Capital One based its motion to dismiss "primarily" on the argument that she lacked standing to bring her claims and argues that we therefore should assume that this was the basis for the district court's dismissal of her claims. A dismissalfor lack of standing would not be a judgment on the merits. See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) . . . [it] is not a judgment on the merits and is entered without prejudice.") (quotation marks omitted). As the district court in this case pointed out, however, Capital One's motion to dismiss in the earlier lawsuit "was filed exclusively under Rule 12(b)(6), and, therefore, was granted under Rule 12(b)(6)." Furthermore, the district court in the prior lawsuit indicated that Capital One's arguments seemed "meritorious." Thus, that decision was on the merits.

against a defendant who fails to respond.  See Fed. R. Civ. P. 55.  And default judgments are treated as conclusive and final adjudications that are given the same effect as a judgment rendered on the merits.  See Morris v. Jones, 329 U.S. 545, 550–51, 67 S.Ct. 451, 455 (1947) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default."); see also Norex Petroleum Ltd. v. Access Industries, Inc., 416 F.3d 146, 160 (2d Cir. 2005) ("The law is well established that a default judgment is deemed as conclusive an adjudication of the merits of an action as a contested judgment.");  18A Wright & Miller, § 4442 ("Judgment by default commands the full effects of claim and defense preclusion.").

For these reasons, the judgment of the district court is **AFFIRMED**.