# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued October 6, 2015          Decided April 22, 2016

No. 15-7005

ROBERT COHEN,
APPELLANT

v.

BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF
COLUMBIA, C/O CHAIR, DR. ELAINE CRIDER, IN THEIR
OFFICIAL CAPACITIES AS TRUSTEES FOR THE UNIVERSITY
SYSTEM FOR THE UNIVERSITY OF THE DISTRICT OF COLUMBIA
AND ITS FLAGSHIP UNIVERSITY OF THE DISTRICT OF
COLUMBIA, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-00754)

———

*Tyler Jay King* argued the cause and filed the briefs for appellant.

*Anessa Abrams* argued the cause and filed the brief for appellees. With her on the briefs was *B. Patrice Clair*.

Before: GRIFFITH, MILLETT, and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: In the summer of 2010, the University of the District of Columbia fired Robert Cohen from his position as a tenured professor. Cohen filed a complaint in D.C. Superior Court against the Board of Trustees and three university officials alleging, among other things, a violation of his procedural due process rights under the U.S. Constitution. According to Cohen, the university fired him without notice or an opportunity to be heard.

The defendants removed Cohen's case to federal court and moved to dismiss his claims under Federal Rule of Civil Procedure 12(b)(6). Cohen missed the deadline to file a brief in opposition to the motion to dismiss. He later sought an extension of time to respond, filed an opposition, and moved to amend his complaint. The district court enforced the missed deadline against Cohen and refused to consider his late opposition to the defendants' motion to dismiss. Invoking Local Rule 7(b), the district court granted the motion to dismiss on the ground that its merits were unopposed and thus conceded by Cohen, thereby dismissing Cohen's complaint and case with prejudice. The district court then denied Cohen's motion to amend the complaint as moot and, in the alternative, for failure to consult with opposing counsel pursuant to Local Rule 7(m). Cohen filed a motion for reconsideration under Federal Rules 59(e) and 60(b), which the district court also denied.

The district court's application of prejudice to Cohen's complaint and case carried res judicata effect and barred Cohen from ever bringing his claims again. *See Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Had the district

court dismissed only Cohen's complaint without prejudice and not dismissed the case at all, Cohen could have filed a new complaint in his original case and the statute of limitations would have been tolled from the date of his original complaint. *See id.* at 666, 672. Alternatively, had the district court dismissed Cohen's complaint *and case*, both without prejudice, Cohen could have filed a new complaint in a new case only if the claims were still timely as of the new filing. *See id.* at 672 (recognizing that this statute-of-limitations difference between dismissing a case and dismissing only a complaint can mean that a case dismissed "nominally without prejudice" is de facto with prejudice, even though dismissal of only the complaint without prejudice would have allowed the case to go forward).

Cohen appeals the district court's rulings. We have jurisdiction under 28 U.S.C. § 1291 and our review is for abuse of discretion. *See Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C. Cir. 2005) (motion to extend time); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (application of Local Rule 7(b) to failure to oppose a motion to dismiss). For the reasons set forth below, we affirm the district court's denial of Cohen's motion to extend time and its dismissal of the complaint. But we reverse the district court insofar as it dismissed the complaint with prejudice and dismissed the case. In light of our disposition, we need not reach Cohen's remaining challenges.

I

Cohen sought an extension of time to file his opposition to the motion to dismiss on the ground that his counsel made a mistake. According to Cohen, counsel misread the electronic docket and thus did not believe the defendants' motion to dismiss had been filed properly. While trying to find the motion to dismiss on the electronic docket, Cohen's counsel clicked the wrong link, and the file he opened included only

exhibits, but no motion. Counsel's assistant made the same mistake, confirming in the mind of Cohen's counsel his mistaken belief that the defendants had not properly filed the motion to dismiss. By the time counsel realized his error, the time for him to respond had run out.

Rule 6(b) of the Federal Rules of Civil Procedure permits a court to extend deadlines, even after the time to act has expired, if there is good cause and the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable concept that considers "all relevant circumstances" surrounding the failure to act. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Generally, "excusable neglect" does not require counsel to have been faultless, and "inadvertence, mistake, or carelessness" can fall within the rule. *Id.* at 388; 4B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2015). But counsel typically must have "some reasonable basis" for not meeting a filing deadline. WRIGHT & MILLER, *supra*, § 1165. To determine whether the district court permissibly exercised its discretion to find counsel's neglect inexcusable, we consider four factors set forth by the Supreme Court in *Pioneer*: (1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith. *See* 507 U.S. at 395; *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (applying the four *Pioneer* factors).

The district court carefully considered the four *Pioneer* factors, finding that two weighed in Cohen's favor and two against. On the one hand, granting the extension would cause minimal prejudice to the defendants, and the court found no bad faith by counsel. On the other hand, his repeated failure

"to meet almost every relevant deadline" created a pattern that could, taken together, burden judicial proceedings. *Cohen v. Bd. of Trs.*, 305 F.R.D. 10, 13 (D.D.C. 2014). Most importantly, counsel "put forth no reasonable excuse" for the delay; there was no suggestion that anything went wrong with the court's electronic docket. *Id.* at 14. Instead, Cohen's counsel and later his assistant simply misread its contents.

We give "great deference" to a district court's Rule 6(b) decision, *Yesudian*, 270 F.3d at 971, and the district court here was well within its discretion to find that Cohen did not show excusable neglect. If we were to require the district court to excuse the type of mistake made by Cohen's counsel, it would be "hard to fathom the kind of neglect that we would not deem excusable." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000). His repeated late filings further justify the court's "case-management decision[]." *Yesudian*, 270 F.3d at 971 (quoting *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 583-84 (1st Cir. 1994)). This was counsel's fourth missed deadline: counsel not only missed the deadline to respond to the motion to dismiss, but he was also late filing a motion to extend time to respond to the motion to dismiss, a reply brief in support of that motion to extend time, and a second motion to extend time to file his reply in support of his first motion to extend time. The district court did not abuse its discretion when it denied Cohen's motion to extend time to file his opposition brief.

II

Having rejected Cohen's tardy opposition, the district court treated the defendants' unopposed motion to dismiss as conceded pursuant to Local Rule 7(b) and dismissed Cohen's complaint and case with prejudice. We reluctantly affirm the court's decision to grant the motion to dismiss the complaint. To do so with prejudice, however, and to dismiss the case as well were an abuse of discretion.

Local Rule 7(b) permits a court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points and authorities. D.D.C. Local Rule 7(b). Local Rule 7(b) is a "docket-management tool that facilitates efficient and effective resolution of motions," and we have yet to deem a "straightforward application of Local Rule 7(b)" an abuse of discretion. *Fox*, 389 F.3d at 1294; *see also Texas v. United States*, 798 F.3d 1108, 1113-15 (D.C. Cir. 2015).

We have upheld district courts' application of Local Rule 7(b) to grant unopposed motions to dismiss complaints with prejudice under Federal Rule 12(b)(6). *See, e.g.*, *Fox*, 389 F.3d at 1292; *Jackson v. Todman*, 516 F. App'x 3 (D.C. Cir. 2013) (per curiam) (unpublished). In *Fox*, the defendant moved to dismiss the complaint, at which point the plaintiffs filed both an amended complaint and an opposition to the motion to dismiss. The defendant responded by moving to dismiss the amended complaint, but this time the plaintiffs failed to respond. We affirmed the district court's use of Local Rule 7(b) to dismiss the complaint with prejudice even though plaintiffs' counsel claimed that he never saw the second motion to dismiss, an explanation we found "plainly unacceptable" because counsel was obliged to monitor the electronic docket. *Fox*, 389 F.3d at 1294-95. We found it difficult to understand how counsel did not realize his mistake, particularly because counsel referenced the "pending" motion to dismiss in other filings submitted after the defendant filed its second motion to dismiss. *Id.*

We face a similar situation here. Because the district court properly denied Cohen's motion to extend time, the court did not consider Cohen's opposition brief. At that point the tardy opposition was equivalent to no opposition at all. Under our precedent, the district court did not commit reversible error in granting the defendants' unopposed motion

to dismiss the complaint under Federal Rule 12(b)(6), at least insofar as dismissal was without prejudice.

## B

Even so, we have concerns about that precedent. The local rules of a district court must be consistent with the Federal Rules of Civil Procedure, Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with—but not duplicate—federal statutes and rules[.]"), and Local Rule 7(b) stands in tension with Federal Rule 12(b)(6). To the extent that it allows a district court to treat an unopposed motion to dismiss as conceded, Local Rule 7(b) effectively places the burden of persuasion on the non-moving party: when he fails to respond, he loses. But Federal Rule 12(b)(6) places this burden on the moving party. *See* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2015) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists."). Accordingly, when faced with a 12(b)(6) motion, the district court must answer the "single question" whether the movant met that burden—in other words, whether the complaint "includes 'enough facts to state a claim to relief that is plausible on its face.'" *Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We have yet to wrestle with the tension between Local Rule 7(b) and Federal Rule 12(b)(6), but most circuits that have considered the application of similar local rules in this context prohibit district courts from granting a motion to dismiss solely because the plaintiff failed to respond. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991) (recognizing that, in the

absence of "bad faith or contumacious conduct," a district court abuses its discretion by dismissing a plaintiff's complaint "solely for his failure to respond to defendants' motion to dismiss"); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (permitting dismissal as a sanction only if other factors are met); *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003) (reasoning that failure to oppose a motion to dismiss cannot be the sole basis for dismissal because "the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted" but permitting dismissal as a sanction if other conditions are met); *see also Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (recognizing in the context of a different procedural failure that "Rule 12 does not by its terms require an opposition; failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion"). The Fourth Circuit also has recognized, albeit in dicta, that district courts are obliged to review the merits of a motion to dismiss even if the plaintiff fails to respond. *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (citing cases where other circuits address such dismissals for failure to comply with local rules). And the Third Circuit requires district courts to consider the merits of a claim before granting an unopposed 12(b)(6) motion pursuant to a local rule, *Shuey v. Schwab*, 350 F. App'x 630, 633 (3d Cir. 2009) (unpublished) (collecting cases), although it previously recognized in dicta that there could be exceptions to that general approach, *see Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

In contrast, the First Circuit has said that there is no conflict between its version of Local Rule 7(b) and Federal Rule 12(b)(6). *ITI Holdings, Inc. v. Odom*, 468 F.3d 17, 18-19 (1st Cir. 2006) (reasoning that the text of Rule 12(b)(6) does not "compel[] the court to apply any particular standard"). *But*

*see Vega-Encarnación v. Babilonia*, 344 F.3d 37, 40-41 (1st Cir. 2003) (reasoning, in the context of uncertainty about the basis for dismissal, that "[i]f the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim"). And the Eleventh Circuit's cases reflect tension within that circuit on this issue. *Compare Rex v. Monaco Coach*, 155 F. App'x 485, 486 (11th Cir. 2005) (per curiam) (unpublished) (holding that dismissal for failure to comply with a local rule requiring a timely response is appropriate "only as a last resort" when there is a pattern of delay or willful contempt and lesser sanctions would not suffice), *with Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998) (noting that "the district court could have dismissed the action" under a similar local rule). *Cf. Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir. 1996) (recognizing in the context of failure to respond to a motion for judgment on the pleadings that "the district court clearly has authority to enforce strictly its Local Rules, even if a default results").

Our sister circuits recognize a similar tension between Local Rule 7(b) and the Federal Rules in the related context of summary judgment. *See Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring) (collecting cases). Federal Rule 56 places the burden of persuasion on the movant by requiring him to "show[]" that he is entitled to summary judgment. Fed. R. Civ. P. 56. This is why a court may grant summary judgment "only if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e) advisory committee's note. There may be a problem when a district court applies its local rules to grant a motion for summary judgment even if the movant has not met that burden under Rule 56—a burden that does not shift simply because the non-moving party fails to oppose the motion. *See Grimes*, 794 F.3d at 95-98 (Griffith, J.,

concurring) (highlighting the tension between this principle and our holding in *FDIC v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997)). In line with that concern, the Advisory Committee Note that accompanies Rule 56 explains that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion[.]" Fed. R. Civ. P. 56(e) advisory committee's note.

We have a second concern as well. Applying Local Rule 7(b) to grant an unopposed motion to dismiss under Federal Rule 12(b)(6) risks circumventing the clear preference of the Federal Rules to resolve disputes on their merits. This preference is particularly strong when dismissal has preclusive effect. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010) (recognizing the preference to resolve disputes on their merits); *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) (same when dismissal is with prejudice). For this reason, heightened protections attach when courts dismiss cases with prejudice on procedural grounds under Federal Rules 41(b) or 55, which are the tools that the Federal Rules provide to address the same docket-management concerns of "efficient and effective resolution of motions," *Texas*, 798 F.3d at 1113-14, that inform Local Rule 7(b). For example, this preference is why, when dismissing a case under Federal Rule 41(b) for a plaintiff's failure to prosecute, a court ordinarily may order that "harsh sanction" only if the conduct is "egregious" and "less dire alternatives" have not worked. *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011). And for the same reason, when a court enters default judgment against a defendant under Federal Rule 55, procedural protections nevertheless allow relief in certain circumstances, such as when a defendant with a valid argument on the merits has not "willfully defaulted" and the plaintiff would not suffer prejudice. *Jackson v. Beech*, 636 F.2d 831, 832 (D.C. Cir. 1980).

Local Rule 7(b) works against that weighty preference in favor of deciding cases on their merits when applied to a case-dispositive motion under Federal Rule 12(b)(6). Not only does Local Rule 7(b) effectively shift the burden of persuasion to the non-moving party, allowing the district court to dispose of cases without examining their merits, but it also provides none of the procedural protections that attach when the court dismisses a case under Federal Rules 41(b) or 55 instead. *See Carver*, 946 F.2d at 454 (refusing to uphold a similar application of a local rule because doing so "would, at a minimum, expand the district court's authority over that which it possesses under Rule 41(b)").

Although in *Fox* we did not require the district court to consider less harsh alternatives before granting a dispositive motion based on the plaintiff's procedural failure, 389 F.3d at 1295, we typically do require consideration of such alternative sanctions in similar situations. *See Peterson*, 637 F.3d at 418 (discussing requirements for dismissal under Federal Rule 41(b)). Because "[g]ranting an unopposed motion is similar to granting a default judgment against a defendant who fails to respond," *Hosseinzadeh v. Green Point Mortg. Funding, Inc.*, 577 F. App'x 925, 929 (11th Cir. 2014) (per curiam) (unpublished), this use of Local Rule 7(b) in a way that seems to undermine the Federal Rules' protections is troubling.

In an appropriate case, we may wish to revisit en banc our approach to Local Rule 7(b) in the context of a Rule 12(b)(6) motion. In any event, district courts may in their discretion consider alternatives that are less harsh to parties, and should find alternatives to merits dismissals under Local Rule 7(b) especially appropriate where the attorney's, not the party's, conduct is the problem.

C

Although our decision in *Fox v. American Airlines* compels us to affirm the district court's decision insofar as it granted the motion to dismiss the complaint, it does not require us to affirm the court's decision to do so with prejudice or to affirm the dismissal of the case.

Cohen's case is different from *Fox*, where the district court faced a "straightforward" situation in which to apply Local Rule 7(b) to dismiss a complaint with prejudice. *Id.* at 1294. In *Fox*, counsel had failed to respond *at all* to the motion to dismiss for the eight months that preceded the district court's dismissal of the complaint. *Id.* at 1293. Here, Cohen filed an opposition to the motion to dismiss, albeit a few weeks late, as well as an amended complaint, both attempts to remedy what the district court treated as his effective concession. Cohen's relatively prompt attempt to respond to the motion to dismiss, as well as the absence of any bad faith or prejudice to the defendants, makes all the difference.

Our decision in *Rudder v. Williams* illustrates why this is so. In *Rudder*, we reversed the district court's application of prejudice to a dismissal under Rule 12(b)(6), because the plaintiffs had made a "belated attempt" to retract the concession that drove dismissal. 666 F.3d at 794-95. In that case, adult and juvenile plaintiffs brought an excessive force case against the District of Columbia and two police officers, asserting common law and Fourth Amendment claims. They conceded to the district court that all of their common law claims were untimely when, in fact, only the adult plaintiffs' claims were barred by the statute of limitations. *Id.* at 794. The plaintiffs sought to change their position to pursue the juveniles' claims, but we affirmed the dismissal because their attempt to do so came too late to undo their "unambiguous concession" below. *Id.* Nevertheless, we reversed the decision to dismiss *with prejudice*, crediting instead the plaintiffs'

attempt to remedy the procedural error that led to dismissal. *Id.* at 795 (reasoning that "the deficiency" in their case lay "not in the complaint but in the plaintiffs' erroneous concession, which requires no cure beyond simply filing the complaint anew"). We saw "no reason" in *Rudder* to deny the plaintiffs another opportunity to pursue their claims, particularly in light of the aspiration of the Federal Rules to resolve disputes on their merits. *Id.* at 794-95.

Neither do we here. *Rudder*'s reasoning carries equal force in this case where the district court granted a case-dispositive motion because Cohen failed to respond. It seems an onerous bar to preclude Cohen from ever having his claims heard because of an inadvertent concession—one that he never made in fact, that was created through the suspect application of a local rule, and that he promptly sought to remedy. The defendants here offer no reason to deny Cohen the opportunity to pursue his claims in an amended complaint, and we see none. *See id.* at 795. In light of Cohen's efforts to respond, his lack of bad faith, the absence of any prejudice to the defendants, and the short delay involved, dismissal of the complaint *without* prejudice would have been the proper route to accomplish Local Rule 7(b)'s docket-management objectives. The district court abused its discretion by instead dismissing the complaint with prejudice. We note that our holding comports with our approach to other "case-ending sanction[s]" like Rule 41(b) as well. *See Peterson*, 637 F.3d at 417-19 ("[T]he court must 'explain why the harsh sanction of dismissal was necessary under the circumstances of th[e] case,'" *id.* at 418 (quoting *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1016 (D.C. Cir. 2004))). For the same reasons, the district court also abused its discretion by dismissing the case when its dismissal of the complaint under Local Rule 7(b) should have been, at most, without prejudice.

III

In light of our disposition, Cohen is free to file an amended complaint in this case. We are not aware of any bar that would prevent him from doing so. Accordingly, we need not address whether the district court properly denied Cohen's motion for leave to amend, because our disposition allows Cohen simply to file his proposed amended complaint with the district court if he so chooses. "[T]he cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further." *PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment).

We note as well, however, that should this case continue, the district court is also free to fashion an appropriate remedy to protect the interests of the defendants given the significant delay they have already experienced. We recognize that our holding seemingly benefits Cohen by allowing him to file the amended complaint he wanted to file all along, despite the fact that Cohen's repeated tardiness was what prompted dismissal in the first place. But our partial reversal of the district court's judgment of dismissal under Local Rule 7(b) does not prevent the district court from acting to protect the defendants' interests, whether by appropriately sanctioning Cohen's counsel or otherwise. Indeed, the better practice would be for district courts generally to treat dismissal under Local Rule 7(b) as a sanction of last resort.

Finally, Cohen does not raise any new arguments in support of his motion for reconsideration under Federal Rules 59(e) and 60(b). Having fully considered his arguments above, we decline to rehash them here. Federal Rule 59(e) provides for relief to "correct a clear error or prevent manifest injustice," *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam), while Federal Rule 60(b) applies in cases of "mistake, inadvertence, surprise, or excusable

neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). To the extent we hold that the district court abused its discretion, there is no need to address whether its ruling was also clear error. And to the extent we hold the district court was within its discretion, there is no "need to correct a clear error or prevent manifest injustice" under Rule 59(e), *Firestone*, 76 F.3d at 1208, or otherwise grant relief under Rule 60(b), *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006) ("Relief under Rule 60(b)(1) motions is rare; such motions allow district courts to correct only limited types of substantive errors."); *Kramer v. Gates*, 481 F.3d 788, 790 (D.C. Cir. 2007) (recognizing that relief under Rule 60(b)(6) is appropriate only in "'extraordinary circumstances'" (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950))).

## IV

We reverse the district court insofar as it dismissed the complaint with prejudice and dismissed the case, and remand for further proceedings consistent with this opinion.