Monica Earl WASHINGTON, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civil Action No.: 17–0111 (RC)

United States District Court,
District of Columbia.

Signed 04/03/2017

Monica Earl Washington, Fort Washington, MD, pro se.

Christopher Charles Hair, U.S. Attorney's Office for the District of Columbia, Washington, DC, for Defendant.

## MEMORANDUM & ORDER

GRANTING DEFENDANT'S MOTION TO DISMISS

RUDOLPH CONTRERAS, United States District Judge

Plaintiff Monica Earl Washington, proceeding *pro se*, brought this case alleging that her former co-worker filed a false incident report against her. Defendant removed this case to this Court and substituted the United States as the sole defendant. Notice of Removal of a Civil Action, ECF No. 1. On February 2, 2017, Defendant filed a Motion to Dismiss for lack of subject-matter jurisdiction and lack of service of process, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5). Motion to Dismiss (MTD), ECF No. 4.

This Court's *Fox/Neal* order of February 3, 2017 explained that Ms. Washington was required to file a response to the motion to dismiss by March 6, 2017, and that the Court could treat the motion to dismiss as conceded if Ms. Washington did not respond. Order, ECF No. 5; *see also Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam) (requiring a district court to inform a *pro se* party that "failure to respond . . . may result in the district court granting the motion and dismissing the case"). To date, Ms. Washington has not responded or requested additional time to respond.

Under Local Civil Rule 7(b), if any party fails to file a response to a motion within the prescribed time, "the Court may treat the motion as conceded." LCvR 7(b). Although the D.C. Circuit recently expressed concern with the interaction of Local Civil

Rule 7(b) and Federal Rule of Civil Procedure 12(b)(6), it ultimately "reluctantly affirm[ed] the [district] court's decision to grant the motion to dismiss the complaint," but objected to the district court's decision to do so with prejudice. *Cohen v. Bd. of Trustees of the Univ. of D.C.*, 819 F.3d 476, 480 (D.C. Cir. 2016). The D.C. Circuit also reaffirmed that it had never found "a 'straightforward application of Local Rule 7(b)' [to be] an abuse of discretion." *Id.* (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294); *see also Jordan v. Ormond*, No. 15-7151, 2016 WL 4098823, at *1 (D.C. Cir. July 22, 2016), (unpublished per curiam opinion) (holding that "the district court did not abuse its discretion in dismissing appellant's complaint pursuant to [Local Civil Rule] 7(b)" when the plaintiff conceded the motion to dismiss). In this case the application of Local Civil Rule 7(b) is straightforward because Ms. Washington has failed to make any response—unlike in *Cohen* where the plaintiff eventually filed a belated opposition and amended complaint, *see Cohen*, 819 F.3d at 478.

Therefore, it is hereby **ORDERED** that Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED AS CONCEDED.** It is **FURTHER ORDERED** that the Complaint and this civil action are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**