## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAURICE A. PISCIOTTANO, *et al.*,

        *Plaintiffs*,

    v.

UNITED STATES,

        *Defendant*.

Civil Action No. 17-1138 (DLF)

## <u>MEMORANDUM OPINION</u>

Plaintiffs Maurice and Laurel Pisciottano, proceeding *pro se*, filed this action seeking a refund of federal taxes for the 2007 tax year. Before the Court is Defendant United States' Motion to Dismiss, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 7.

In its motion to dismiss, the United States argues that the Pisciottanos' refund claim is meritless and that the Pisciottanos failed to submit the claim to the IRS within the statutory limitations period. *Id.* The United States contends that because the IRS claim was untimely, the government has not waived sovereign immunity with respect to the claim, and the Court is jurisdictionally barred from considering the suit. *Id.* at 5–9.

When the motion to dismiss was filed, the Court issued a *Fox-Neal* order requiring the Pisciottanos to respond to the motion by January 5, 2018. Dkt. 8 at 1; *see Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992). The Court advised the Pisciottanos that it would treat the motion as conceded if

they failed to respond by the deadline. Dkt. 8 at 1; *see* Local Civil Rule 7(b) (providing that "the Court may treat [a] motion as conceded" if the nonmoving party fails to timely respond). Despite that warning, the Pisciottanos failed to respond to the motion. Local Rule 7(b) thus allows the Court to consider the motion conceded.

Although the D.C. Circuit recently criticized Local Rule 7(b) in two cases, neither case applies here. In *Winston & Strawn, LLP v. McLean*, the Circuit held that a district court cannot deem an unopposed summary-judgment motion conceded. 843 F.3d 503, 508 (D.C. Cir. 2016). The Circuit expressly limited that holding, however, to summary-judgment motions. *Id.* In *Cohen v. Board of Trustees of the University of the District of Columbia*, the Circuit acknowledged that it had "upheld district courts' application of Local Rule 7(b) to grant unopposed motions to dismiss complaints with prejudice under Federal Rule 12(b)(6)" but expressed a desire to revisit that precedent en banc. 819 F.3d 476, 480, 483 (D.C. Cir. 2016). The Circuit was troubled that Local Rule 7(b) "effectively places the burden of persuasion on the non-moving party," while Rule 12(b)(6) requires the *moving* party to bear that burden. *Id.* at 481. Reluctantly affirming the district court's dismissal of the complaint, the Circuit urged district courts to avoid merits dismissals under Local Rule 7(b). *Id.* at 480, 483.

This dicta carries no import here, however, because the United States has based its motion to dismiss partly on jurisdictional grounds. The burden of establishing jurisdiction rests with the plaintiff, *U.S. ex rel. Doe v. Staples, Inc.*, 773 F.3d 83, 88 (D.C. Cir. 2014), and a Rule 12(b)(1) dismissal is not a merits decision.

Because the Pisciottanos have constructively conceded that the Court lacks subject-matter jurisdiction, the Court grants the United States' motion to dismiss the complaint under Rule 12(b)(1).  A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

Date:  January 29, 2018