# United States Court of Appeals
## For the First Circuit

No. 06-1616

ITI HOLDINGS, INC., d/b/a TECHNICAL DIVING
INTERNATIONAL, d/b/a SCUBA DIVING INTERNATIONAL,
d/b/a EMERGENCY RESPONSE DIVING INTERNATIONAL,

Plaintiff, Appellant,

v.

JOSEPH ODOM; DAVID CROCKFORD;
JOSEPH KEISER; MICHAEL ANGE,

Defendants, Appellees.

PROFESSIONAL SCUBA ASSOCIATION, INC.; PROFESSIONAL
SCUBA ASSOCIATION INTERNATIONAL, LLC; HAL WATTS;
JANICE WATTS; TOOLS FOR DIVING EDUCATION, INC.,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Boudin, Chief Judge,

Selya, Circuit Judge, and

Schwarzer,* Senior District Judge.

---

*Of the Northern District of California, sitting by designation.

———————————

David G. Concannon with whom Law Offices of David G. Concannon, Robert E. Mittel and Mittel Asen, LLC were on brief for appellant.

John G. Osborn with whom Todd S. Holbrook, Bernstein, Shur, Sawyer & Nelson, and Joseph Odom, pro se, were on briefs for appellees.

———————————

November 14, 2006

———————————

**SCHWARZER, <u>Senior District Judge</u>**.  Once again we address the District of Maine's Local Rule 7(b) which provides:

> Unless within twenty (20) days after the filing of a motion, the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection.

In <u>NEPSK, Inc. d/b/a Houlton Cable</u> v. <u>Town of Houlton</u>, 283 F.3d 1 (1st Cir. 2002), we upheld the validity of that rule, affirming a judgment of dismissal pursuant to a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) to which no objection had been filed.  The case before us presents a slightly different situation:  ITI submitted a response to appellees' Rule 12(b)(6) motion in the form of a motion to transfer rather than an objection.  The district court granted the Rule 12(b)(6) motion as unopposed and entered judgment for appellees.  We affirm.

## I.

Plaintiff ITI Holdings, Inc., provides certification and training materials to the scuba markets.  It brought this action against a group of competitors in the scuba market alleging tortious interference with contractual relations and other business torts.  All defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, which was granted as to certain of the defendants but denied as to defendants and appellees Joseph Odom, David Crockford, Joseph Keiser and Michael Ange.  That ruling has not been appealed.  The appellees

-3-

also moved to dismiss under Rule 12(b)(6) for failure to state a claim. ITI did not file an objection to that motion, filing instead a motion to transfer to the Middle District of Florida. The court treated the Rule 12(b)(6) motion as unopposed and dismissed the complaint as to appellees under Local Rule 7(b). ITI appeals from the judgment of dismissal.

## II.

ITI's principal argument is that the district court abused its discretion in automatically dismissing the complaint without considering the standard governing the granting of Rule 12(b)(6) motions. Such motions, ITI argues, may be granted only if it appears to a certainty that plaintiff would be unable to recover under any set of facts. It seeks to analogize its case to Jaroma v. Massey, 873 F.2d 17 (1st Cir. 1989) (per curiam), which held it to be error to grant a summary judgment motion based solely on the opposing party's failure to respond to the motion, noting that under Rule 56, the motion must be denied even if unopposed where the supporting evidence does not establish the absence of a genuine issue. Id. at 20. We rejected this analogy in Town of Houlton in the context of a Rule 12(c) motion, pointing out that unlike Rule 56, nothing in the text of Rule 12(c) compels the court to apply any particular standard when deciding whether to grant or deny a motion for judgment on the pleadings. 283 F.3d at 8-9. The same is true of Rule 12(b)(6): Nothing in its text

-4-

compels the court to apply any particular standard in deciding whether to grant or deny a motion. Thus, our holding in Town of Houlton that strict enforcement of Local Rule 7(b) creates no impermissible conflict with Rule 12(c) applies with equal force to Rule 12(b)(6). Id. at 9.

### III.

ITI next contends that the district court abused its discretion in failing to find excusable neglect or considering whether dismissal was in the interest of justice. It argues that it filed a timely response by filing a motion to transfer venue in which, rather than objecting to the Rule 12(b)(6) motion, it asserted that it "intend[ed] to file an amended complaint as a matter of right." We find its arguments unpersuasive.

To begin with, the argument rests on quicksand because ITI, not having moved the district court under Federal Rule of Civil Procedure 60(b) for relief from the dismissal order, arguably forfeited its right to charge that court with abuse of discretion. ITI says it should at least have been granted leave to respond to the Rule 12(b)(6) motion, but again, it never requested leave. Moreover, as a textual matter, ITI's "response" in the form of a venue transfer motion does not comply with Local Rule 7(b), which requires the filing of written objection to the motion incorporating a memorandum of law. Finally, that ITI may have intended to file an amended complaint hardly supports a claim

of excusable neglect, considering that it failed to file one (or move for leave to file one) in the ten-week period between its receipt of appellees' motion to dismiss and the issuance of the magistrate judge's recommended decision.

As we stated in Town of Houlton, "it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity." 283 F.3d at 7. ITI has not shown either that the district court automatically dismisses cases every time the local rule is violated or that the dismissal of its complaint offends equity.

IV.

ITI's final argument is that the district court lacked jurisdiction to dismiss the tort claims. It argues that the magistrate judge found sufficient evidence to support personal jurisdiction over appellees Ange, Crockford and Keiser only with respect to the contract claims. Therefore, it contends, the court lacked jurisdiction to dismiss the tort claims against these appellees.

We reject the argument. The magistrate judge recommended that the motion to dismiss for lack of personal jurisdiction be denied in its entirety as to appellees and the district court so ordered. Thus, the appellees were obliged to

plead to all of ITI's claims alleged in its complaint and they did so by filing their Rule 12(b)(6) motion, bringing Local Rule 7(b) into play.

**<u>Affirmed</u>**.    Costs to be awarded to appellees.