NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAMBOD SOTOODEH; STELLA
SOTOODEH; 88 SWEET, INC.,

Plaintiffs - Appellants,

v.

CITY OF SOUTH EL-MONTE, a
municipal corporation; JOE MARTINEZ,
South El Monte Code Enforcement
Supervisor; VINH VO, City of South El
Monte Code Enforcement Officer,

Defendants - Appellees.

No. 24-3848

D.C. No.
2:23-cv-06883-MEMF-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Submitted May 13, 2025[**]
Pasadena, California

Before: R. NELSON, LEE, and SUNG, Circuit Judges.
Concurrence by Judge R. NELSON.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

When the district court ordered the Sotoodeh family and their company to respond to a motion to dismiss, they failed to comply. Citing a local rule, the district court granted the motion and dismissed the Sotoodehs' suit with prejudice. We review that dismissal for an abuse of discretion. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). We affirm.

The district court did not abuse its discretion in dismissing the Sotoodehs' suit. The Sotoodehs failed to file a court-ordered opposition to a motion to dismiss. Under Central District of California Local Rule 7-12, when a party fails to file a "required" brief, the court may treat that as "consent to the granting" of the motion.

The district court did not discuss the factors that we require courts to consider before dismissing a suit under local rules: the interests in resolving litigation quickly and on the merits, the need to manage a docket, the risk of prejudice, and the availability of less drastic sanctions. *Ghazali*, 46 F.3d at 53–54 (citation omitted). Even so, our precedent does not require district courts to discuss those factors expressly, and we may weigh them in the first instance. *Id.*; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Weighing those factors, three favor dismissal. Granting a motion to dismiss when a party fails to file a court-ordered response helps the court manage its docket and resolve litigation promptly. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). And because the district court gave the Sotoodehs extra time to file an

opposition and warned that it would dismiss their suit if they failed to comply, the availability of less drastic sanctions also supports dismissal. *See Ferdik*, 963 F.2d at 1262. With these three factors favoring dismissal, the district court did not commit a "clear error of judgment" in dismissing the Sotoodehs' suit. *Pagtalunan*, 291 F.3d at 640 (quotation omitted); *Ferdik*, 963 F.2d at 1262.

The Sotoodehs argue that Local Rule 7-12 conflicts with Federal Rule of Civil Procedure 12(b)(6), which they contend prohibited the court from dismissing their suit because they failed to oppose the motion to dismiss. Our precedent indicates otherwise. *Ghazali*, 46 F.3d at 53–54. After all, the Federal Rules allow courts to dismiss lawsuits when plaintiffs disregard court orders. Fed. R. Civ. P. 41(b); *see also Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890–91 (9th Cir. 2019).

**AFFIRMED.**

*Sotoodeh v. South El-Monte*, No. 24-3848

R. Nelson, J., concurring:

I concur in the majority's reasoning. Because the Sotoodehs defied a court order requiring them to respond to a motion to dismiss, our precedent allowed the district court to grant the motion without considering its merits. I write to clarify the boundaries of that rule.

District courts have wide latitude to "prescribe rules for the conduct of their business." 28 U.S.C. § 2071(a). These rules must be "consistent with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 83(a)(1).

In the Central District of California, when a party fails to file a "required" brief, a local rule allows the court to treat that failure as "consent to the granting" of the motion. C.D. Cal. Local Rule 7-12. District courts across the country have adopted similar rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam); *ITI Holdings, Inc. v. Odom*, 468 F.3d 17, 18 (1st Cir. 2006); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003); *Cohen v. Bd. of Trs. of Univ. of D.C.*, 819 F.3d 476, 481 (D.C. Cir. 2016).

A few circuits have suggested that these local rules may, in some applications, conflict with Federal Rule of Civil Procedure 12(b)(6). *Marcure v. Lynn*, 992 F.3d 625, 628 (7th Cir. 2021); *Issa*, 354 F.3d at 1177; *Cohen*, 819 F.3d at 481. Rule 12(b)(6) requires the defendant to prove that the complaint is legally insufficient.

1

Yet if a district court grants a motion to dismiss "solely" because the plaintiff didn't oppose the motion, the court "effectively places the burden of persuasion" on the plaintiff. *Cohen*, 819 F.3d at 481; *Marcure*, 992 F.3d at 631.

This doesn't prevent district courts from granting unopposed motions to dismiss as a sanction. Every circuit to address the issue allows for that possibility. *E.g.*, *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614–15 (6th Cir. 1998); *Marcure*, 992 F.3d at 631; *Issa*, 354 F.3d at 1177–78. As do the Federal Rules. Rule 41(b) allows district courts to dismiss a lawsuit when the plaintiff violates court orders or rules. As a result, when a district court orders a plaintiff to respond to a motion to dismiss and the plaintiff fails to comply, the court may grant the unopposed motion without considering its merits.

Such a dismissal does not conflict with Rule 12(b)(6). Rule 12(b)(6) concerns arise when the *sole* basis for granting a motion to dismiss is that it's unopposed. Only then does the dismissal "effectively shift the burden of persuasion" to the plaintiff. *Cohen*, 819 F.3d at 483. When the plaintiff fails to file a court-ordered opposition, the plaintiffs' violation of the court order—not the unopposed nature of the motion—is the basis for the dismissal.

Still, dismissals based on violations of court orders must be "consistent with" Rule 41(b). Fed. R. Civ. P. 83(a)(1). The district court must consider the Rule 41(b)

2

factors laid out in circuit precedent. *Ghazali*, 46 F.3d at 53; *Stough*, 138 F.3d at 614–15; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–62 (10th Cir. 2007) (Gorsuch, J.). The court should invoke Rule 41(b) sanctions "only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citation omitted). And the court may dismiss a suit based on the plaintiff's failure to file an opposition only if a court order or local rule affirmatively required the plaintiff to file one. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). Ordinarily, parties aren't required to oppose motions. So local rules that merely fix the deadline for filing a response—and do not affirmatively require a response—aren't enough to invoke Rule 41(b).

In sum, when a plaintiff defies a court order to oppose a motion to dismiss, the district court may grant the unopposed motion without considering its merits. But such dismissals should be rare, and the court must apply the Rule 41(b) analysis. Otherwise, the court must adjudicate the unopposed motion on the merits.